PEOPLE v ROBIDEAU

Docket Nos. 78-520, 78-521. Submitted September 4, 1979, at Lansing.
—Decided January 9, 1980.

Herbert M. Robideau was convicted of armed robbery, first-degree
criminal sexual conduct, and possession of a firearm during the
commission of a felony, Genesee Circuit Court, Ollie B. Bivens,
Jr., J. Defendant appeals, alleging several errors. *Held:*

1. Defendant was not denied the effective assistance of coun-
sel. His trial counsel subpoenaed defense witnesses whom he
was made aware of, he called upon an expert witness in an
attempt to establish the defendant's insanity defense, it was
established that certain hospital records which defendant
sought to have introduced were totally unrelated to any psychi-
atric treatment, and the manner in which defendant's counsel
examined witnesses was a matter of trial strategy which is not
a basis for a claim of ineffective assistance of counsel.

2. The convictions of armed robbery and first-degree criminal
sexual conduct, which both arose out of the same criminal
episode, do not violate the prohibition against double jeopardy
because proof of armed robbery was not legally required in
order to convict for first-degree criminal sexual conduct and
because the criminal sexual conduct statute expresses a legisla-
tive intent to authorize multiple convictions and cumulative
punishments.

3. The trial judge did not err in instructing the jury that in

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law, § 315.
[2] 67 Am Jur 2d, Robbery §§ 4, 80.
[3] 65 Am Jur 2d, Rape § 3.
   What constitutes penetration in prosecution for rape or statutory
   rape. 76 ALR3d 163.
[4] 21 Am Jur 2d, Criminal Law § 188.
[5] 75 Am Jur 2d, Trial §§ 876, 877.
[6] 67 Am Jur 2d, Robbery §§ 68, 69, 70.
[7] 5 Am Jur 2d, Appeal and Error § 821.
[8] 17 Am Jur 2d, Continuance § 35
   Withdrawal, discharge, or substitution of counsel in criminal case
   as ground for continuance. 73 ALR3d 725.
[9] 21 Am Jur 2d, Criminal Law §§ 345, 346.

order to find defendant guilty of the criminal sexual conduct charge they would have to find that sexual penetration occurred under circumstances involving the commission of an armed robbery, where armed robbery was the only other felony specified in the information filed on the criminal sexual conduct charge.

4. The trial court did not err by refusing to instruct the jury on the definition of fellatio where the instructions as given adequately reflected the matter of whether or not penetration occurred and the legal definition of penetration as it related to this case.

5. Failure to give jury instructions on attempted unarmed robbery and attempted larceny from a person was not error where no requests for such instructions were made.

6. The jury was adequately apprised by the trial court of the defendant's theory of the case.

7. There was sufficient evidence of sexual penetration to support the jury's verdict of guilty of first-degree criminal sexual conduct.

8. The defendant's substitute trial counsel was afforded sufficient time to familiarize himself with the case. There is no showing of prejudice in this regard.

9. The anonymous tip which led to the defendant's arrest was sufficiently detailed and corroborated prior to the arrest to make the arrest lawful.

10. Defendant waived the indorsement and production of an alleged res gestae witness by failing to make a timely motion therefor.

Affirmed.

1. Criminal Law — Ineffective Assistance of Counsel — Trial Strategy.

The decision of trial counsel to question or not to question certain witnesses is a matter of trial strategy and is not a basis for a claim of ineffective assistance of counsel.

2. Robbery — Armed Robbery — Elements of Offense.

A conviction of armed robbery requires proof of an assault, a taking, and an intent to permanently deprive the owner of his or her property, while the defendant was armed with a dangerous weapon or an article fashioned so as to lead the victim to reasonably believe it was a dangerous weapon.

3. Rape — First Degree Criminal Sexual Conduct — Elements of Offense.

A conviction of first-degree criminal sexual conduct requires proof

of a sexual penetration and the existence of any of several specified circumstances, including the commission of any other felony at the time of the offense (MCL 750.520b[1][c]; MSA 28.788[2][1][c]).

4. ROBBERY — FIRST DEGREE CRIMINAL SEXUAL CONDUCT — DOUBLE JEOPARDY — STATUTES.

The criminal sexual conduct statute expresses a legislative intent to authorize multiple convictions and cumulative punishments; therefore, a defendant's convictions of both armed robbery and first-degree criminal sexual conduct, where both arose out of the same criminal episode, do not violate the prohibition against double jeopardy (MCL 750.520b; MSA 28.788[2]).

5. CRIMINAL LAW — INSTRUCTIONS TO JURY — LESSER INCLUDED OFFENSES.

A trial court is not obliged to give instructions to the jury on lesser included offenses, other than in a first-degree murder case, where such instructions are not requested prior to the jury's deliberations.

6. CRIMINAL LAW — INSTRUCTIONS TO JURY — DEFENDANT'S THEORY OF CASE.

A trial court adequately presented a defendant's theory of the case, that he did not possess the requisite specific intent for a conviction of armed robbery because of intoxication, where the court instructed on the presumption of innocence, reasonable doubt, specific intent, and intoxication as a defense to specific intent offenses.

7. CRIMINAL LAW — EVIDENCE — ELEMENTS OF OFFENSE — APPEAL AND ERROR.

A defendant's claim that the evidence presented on an element of an offense was insufficient to support his conviction is viewed in the light most favorable to the prosecution, and unless there is total want of any direct or circumstantial evidence to prove an essential element of the offense a jury verdict of guilty will not be overturned.

8. CRIMINAL LAW — SUBSTITUTION OF COUNSEL — CONTINUANCE — PREJUDICE.

A defendant's allegation that his substitute counsel was given an inadequate length of time in which to familiarize himself with the case does not require reversal of the defendant's conviction where the defendant has not established that any prejudice

resulted from the trial court's decision as to the length of the continuance granted.

9. WITNESSES — RES GESTAE WITNESSES — CRIMINAL LAW — INDORSE-
MENT AND PRODUCTION OF WITNESS.

Failure of a defendant to make a timely motion for the indorse-
ment and production of a res gestae witness of whom he has
knowledge waives any right the defendant may have had to
such indorsement and production of the witness.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, and *Donald A. Kuebler,* Chief, Appellate Division, for the people.

Herbert M. Robideau, *in propria persona.*

Before: M. J. KELLY, P.J., and M. F. CAVANAGH and CYNAR, JJ.

CYNAR, J. Following a jury trial, defendant was convicted of two counts of armed robbery, MCL 750.529; MSA 28.797, of possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2), and of criminal sexual conduct in the first degree, MCL 750.520b(1)(c); MSA 28.788(2)(1)(c). Defendant was sentenced to 26-1/2 to 40 years on each armed robbery count, and to 20 to 35 years on the criminal sexual conduct count, these three sentences to be served concur-
rently, as well as to the mandatory two-year con-
secutive sentence for the felony-firearm violation. Defendant appeals as of right.

The evidence of guilt adduced at trial was over-
whelming. The complainant testified that in the early morning hours of March 3, 1977, she and her boyfriend were asleep in front of the TV set in the living room of her home in the City of Flint. At about 12:30 a.m. she heard a knock on the front door. In response to the knock, she opened the

door and a man with a shotgun forced his way in. While pointing a shotgun at her and her boyfriend, the first man into the house indicated that they would be killed if they did not do as they were commanded. Moments later, two other men entered. The complainant identified defendant as being the second man to come through her front door. She indicated that defendant was armed with a small pistol.

The robbers demanded money and drugs. They robbed complainant's companion of his wallet and while the first robber in the house held the two victims at gunpoint, the two other men proceeded to ransack the house for the next 10 to 15 minutes.

About 15 minutes after the hold-up began, the robbers forced the victims to proceed to the second floor of complainant's home. The robbers directed them to remove their clothes and when this was done, the two were tied up and complainant's friend was ordered into a closet on the second floor of the house. While the other robbers were elsewhere, defendant first forced complainant to perform fellatio on him and some minutes later attempted to have intercourse with her in a closet.

After threatening to kill the victims, the robbers left the house taking with them a large quantity of jewelry, two guns and a clock.

Complainant's companion corroborated her testimony in every major respect.

Due to the alertness of a neighbor, Flint police were summoned when the robbers first entered complainant's home. A number of police officers waited in the street and throughout the nearby area during the course of the robbery. When defendant and his cohorts exited from the home, they were apprehended immediately as they

sought to flee in a car owned by defendant but driven by a second robber.

The police officers and the victims both testified at length concerning identification of the various articles of jewelry, the two guns, and the clock stolen in the robbery and taken from the robbers' car immediately upon their arrest.

## I. Effective Assistance of Counsel

Defendant initially contends that he was denied the effective assistance of counsel at trial, because of the failure of retained counsel to: (1) subpoena certain defense witnesses; (2) call any expert witnesses to establish defendant's insanity defense; (3) produce certain hospital records; or (4) properly examine or cross-examine witnesses at trial. Defendant's post-sentencing motion for a new trial based on a claim of ineffective assistance of counsel was denied. We also reject defendant's contention.

With respect to the failure to subpoena certain witnesses, this allegation is not borne out by the record. Although counsel was not made aware of the existence of these witnesses by defendant until the third day of trial, he was successful in locating them. Indeed, an alleged alibi witness was served and did appear in court, but was not called to testify, following conversation with counsel.

A second "missing" witness, a Dr. Leech, was also located by counsel and found to be dying of cancer and unavailable. Dr. Leech's wife had no knowledge of where his records were stored, or if they still existed. Counsel was further unable to discern whether Dr. Leech had even treated defendant for any psychological disorders which may have been germane to defendant's insanity defense. A second psychiatrist testified to seeing defendant and questioning him with regard to

earlier treatment. Defendant stated to him that he had in fact previously received psychiatric treatment, but that this had occurred in 1975, two years prior to the commission of the instant crimes. Thus, expert testimony was heard but did not support defendant's insanity claim.

The keeper of the hospital records testified out of the jury's presence that the records defendant sought to have produced were totally unrelated to any psychiatric treatment.

As to the questioning of witnesses, this is properly attributable to trial strategy, and therefore not a basis for a claim of ineffective assistance of counsel. *People v Roberson,* 90 Mich App 196, 204; 282 NW2d 280 (1979). In any event, the questioning by counsel appears to be reasonable strategy under the circumstances.

We therefore conclude that defendant received the effective assistance of counsel under both prongs of the test set out in *People v Garcia,* 398 Mich 250, 264-266; 247 NW2d 547 (1976).

## II. DOUBLE JEOPARDY

Next, we address defendant's claim that his convictions for armed robbery,[1] and for first-degree criminal sexual conduct[2] (penetration during the commission of another felony, *viz.,* armed robbery) violate the double jeopardy provisions of both the Federal and state constitutions.

We initially note that defendant's argument that convictions for both armed robbery and felony-firearm are also violative of double jeopardy has been rejected in *Wayne County Prosecutor v Recorder's Court Judge,* 406 Mich 374, 397-398; 280 NW2d 793 (1979).

---

[1] MCL 750.529; MSA 28.797.

[2] MCL 750.520b(1)(c); MSA 28.788(2)(1)(c).

We conclude that the contested convictions violate neither the *Blockburger*[3] rule, nor the rule most recently reiterated in *People v Martin*[4] and *People v Stewart.*[5]

In applying the *Blockburger* test, we look to *Wayne Prosecutor, supra,* for guidance. In order to convict defendant of armed robbery, the prosecution was legally *required* to prove an assault, a taking, and an intent to permanently deprive the owner of his or her property, all while the defendant was armed with a dangerous weapon, or an article fashioned so as to lead the victim to reasonably believe it was a dangerous weapon. *Wayne Prosecutor, supra,* 397-398. In order to convict defendant of first-degree criminal sexual conduct under MCL 750.520b(1)(c), the prosecution was legally *required* to prove: first, that a sexual penetration occurred, and second, that it occurred under circumstances involving the commission of *any other* felony. Thus, as in *Wayne Prosecutor,* the prosecution was not legally *required* to prove armed robbery, as any proper felony would have sufficed for conviction on the criminal sexual conduct charge.

Nor is there any constitutional infirmity under the standard in *People v Martin* and *People v Stewart.* As explicated in *Wayne Prosecutor, supra,* 399-402, the evil sought to be prevented in those cases was multiple convictions and cumulative punishments based on only one occurrence when the statutes involved failed to evidence a clear legislative intent to authorize the same. Such

[3] *Blockburger v United States,* 284 US 299; 52 S Ct 180; 76 L Ed 306 (1932).

[4] *People v Martin,* 398 Mich 303; 247 NW2d 303 (1976).

[5] *People v Stewart (On Rehearing),* 400 Mich 540; 256 NW2d 31 (1977).

is not the case here. We find a clear expression of a legislative intent to authorize multiple convictions and cumulative punishments in the language of MCL 750.520b, just as the Court in *Wayne Prosecutor, supra,* 402, found similar legislative intent expressed in the felony-firearm statute.[6]

### III. Alleged Instructional Errors

Defendant raises a number of issues related to the giving of, or failure to give, instructions in the instant case.

First, defendant argues that the trial court reversibly erred in instructing the jury that in order to find defendant guilty of criminal sexual conduct in the first degree (CSC I) they must find that a sexual penetration occurred under circumstances involving the commission of an armed robbery. This, according to defendant, placed the jury in a position that forced them to find evidence for a conviction of armed robbery in order to convict defendant of CSC I, and, as such, was erroneous, for *any* other felony would suffice.

This argument is wanting in merit. The information filed in this case specified only armed robbery as the felony underlying the CSC I count. Proof of armed robbery thereby became an element of the offense, to the exclusion of any other felony. In addition, a failure to so specify the underlying felony(ies) would deprive defendant of his right to notice of the charges against which he would be required to defend.

Next, defendant assigns as reversible error the refusal of the trial judge, upon request, to instruct on the definition of fellatio. The prosecution argues that the trial judge instructed the jury in accordance with the Michigan Criminal Jury In-

---

[6] MCL 750.227b; MSA 28.424(2).

structions, and that the instructions were complete and proper. We agree with the prosecution.

The trial court instructed the jury in detail on the elements of both first- and second-degree criminal sexual conduct, which instructions adequately reflected the fundamental difference between CSC I and CSC II—the fact of penetration *vel non.* The court also instructed verbatim from MCL 750.520a; MSA 28.788(1) on the legal definition of sexual penetration as relevant to this case. The term fellatio is one generally understood by laymen, and possesses no distinct legal definition. We find no error in the trial court's refusal to define fellatio in the language requested by defendant. *Cf., People v MacPherson,* 323 Mich 438, 449; 35 NW2d 376 (1949).

Defendant further claims that reversible error occurred when the trial judge failed to instruct on attempted unarmed robbery and attempted larceny from a person, even though requested to do so. A review of the trial transcript fails to support defendant's position. Neither of these instructions was requested by defense counsel. An instruction on unarmed robbery was requested and given, as well as one on larceny from a person.

The jury was instructed on attempted *armed* robbery, as per defendant's request, through the trial court's reading of an instruction on attempt as a lesser-included offense of armed robbery, taken verbatim from CJI 9:1:02. Also given was CJI 9:1:03, which apprised the jury that factual impossibility would be no defense to the charge of attempting to commit the substantive offense. We also note, while abstaining from further comment, that defendant in his pro per brief on appeal states, "The record clearly established that an armed robbery occurred and it was committed with shotguns and a pistol".

We conclude that no requested instructions were omitted, and that the court's instructions, read as a whole, were complete and accurate. Finally, in this case, the trial judge was not obliged to give the omitted instructions *sua sponte. People v Henry,* 395 Mich 367, 374; 236 NW2d 489 (1975), *People v Combs,* 69 Mich App 711, 717; 245 NW2d 338 (1976).

Defendant's last alleged instructional error concerns the failure of the trial court to instruct *sua sponte* on defendant's theory of the case. This Court is split on whether such a requirement is imposed upon the trial judge. In *People v Gayton,* 81 Mich App 390, 394; 265 NW2d 344 (1978), one panel of this Court held that a trial court must instruct on the defendant's theory of the case, even in the absence of a request, and that a failure to do so is reversible error. Accord, *People v Stanley Jones,* 69 Mich App 459, 462; 245 NW2d 91 (1976).

Another panel of this Court adopted the diametrical position, and concluded that a trial court is not obligated to instruct on a defendant's theory of the case when no request therefor is made nor any statement thereof submitted. *People v Trammell,* 70 Mich App 351, 353-354; 247 NW2d 311 (1976). Accord, *People v Samuel Smith,* 85 Mich App 404, 414; 271 NW2d 252 (1978), *rev'd on other grounds* 406 Mich 945; 277 NW2d 642 (1979). See also GCR 1963, 516.7.

We take note of this irreconcilable difference of opinion, but find it unnecessary to adopt either position at this time. On the facts of this case, we conclude that the court's instructions on presumption of innocence, reasonable doubt, specific intent, and intoxication as a defense to specific intent offenses, adequately presented defendant's theory

of the case, *i.e.,* that as a result of intoxication defendant did not possess the requisite specific intent required for conviction of armed robbery. *Cf., People v Manuel Johnson,* 58 Mich App 347, 355-356; 227 NW2d 337 (1975), *People v McIntosh,* 6 Mich App 62, 69-70; 148 NW2d 220 (1967).

## IV. OTHER ISSUES

Defendant raises four additional issues for review.

Defendant first argues that there was insufficient evidence from which the jury could find that a sexual penetration had occurred. We disagree.

In examining such a claim the evidence is viewed in the light most favorable to the prosecution. Unless there is a total want of any direct or circumstantial evidence to prove an essential element of the charged offense, a jury verdict will not be overturned. *People v McCracken,* 88 Mich App 286, 294; 276 NW2d 609 (1979), and the cases cited therein. The testimony of the complainant in the instant case was sufficient evidence to establish a sexual penetration and support the jury's verdict.

Defendant further assigns as reversible error the trial judge's grant of his motion for substitution of counsel after the prosecution had rested its case and after the defense had presented the major portion of its case, without allowing substitute counsel sufficient time to prepare a proper defense.

We find the allegation of inadequate preparation subsumed in our discussion of defendant's claim of ineffective assistance of counsel in part I, *supra,* and thus without merit. Moreover, defendant has failed to establish that any prejudice resulted from the trial judge's decision to grant only an eight-day continuance, as required by *People v Wilson,* 397 Mich 76; 243 NW2d 257 (1976). The record reveals that substitute counsel had access to the

lower court file and to previous counsel's work product, and personally spoke with the prosecutor, former counsel, and defendant. He also received a copy of the entire transcript of proceedings, including trial and preliminary examination, and from these was able to prepare eight separate motions for the court's consideration, each of which demonstrated more than satisfactory preparation and familiarity with the case. Counsel also recalled the complainant to the stand and engaged in probing cross-examination seeking to discredit her testimony. We find no abuse of discretion on the part of the trial judge with regard to the duration of the continuance.

Defendant's contention that his arrest was unlawful as it was based on the tip of an anonymous informant received over the telephone by the police is unsubstantial. The tip itself was quite detailed and was sufficiently corroborated by independent police work prior to defendant's arrest. Thus, resolution of this issue is controlled by *People v Walker,* 401 Mich 572, 579-584; 259 NW2d 1 (1977).

Finally, defendant argues that reversible error occurred as a result of the prosecution's failure to secure the presence at trial of the physician who examined the complainant following the incident in question and who later treated her on more than one occasion. The record reveals that defense counsel failed to move for endorsement of this witness until the close of the prosecution's case, even though counsel knew of the witness's identity and his relationship with the complainant well prior to trial. The trial court denied defendant's motion on the basis that it was not timely made, and that the witness was not a res gestae witness.

Assuming *arguendo* that the doctor was a res

gestae witness, defendant waived any right he may have had to the endorsement and production of this witness by failing to make a timely motion therefor. *People v Harrison,* 75 Mich App 556, 558-559; 255 NW2d 682 (1977), *People v Parsons,* 59 Mich App 79, 86-87; 228 NW2d 852 (1975), *People v Jones,* 38 Mich App 512, 516; 196 NW2d 817 (1972).

We find no error necessitating reversal and therefore affirm.

Affirmed.