PEOPLE v HUNTER

Docket No. 78-5185. Submitted January 3, 1980, at Detroit.—Decided March 4, 1980.

Defendant, Floyd Hunter, was convicted of two counts each of kidnapping, armed robbery and first-degree criminal sexual conduct in the Recorder's Court of Detroit, John Patrick O'Brien, J. Defendant appeals, alleging that the prosecutor erroneously and prejudicially referred to a notice of alibi during the trial, even though defendant did not raise the defense during the trial. *Held:*

Reference by the prosecutor to the filing of a notice of alibi prior to the defendant's actually putting forth an alibi constitutes an impermissible comment on the defendant's right to remain silent.

Reversed and remanded.

CRIMINAL LAW — ALIBI DEFENSE — NOTICE OF ALIBI — PROSECUTOR'S COMMENT — RIGHT TO REMAIN SILENT.

Reference by the prosecutor to the filing of a notice of alibi prior to the defendant's actually putting forth an alibi constitutes an impermissible comment on the defendant's right to remain silent.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Timothy C. Scallen,* Assistant Prosecuting Attorney, for the people.

*Ruby & Ruby, P.C.,* for defendant on appeal.

Before: T. M. BURNS, P.J., and BASHARA and N. J. KAUFMAN, JJ.

REFERENCE FOR POINTS IN HEADNOTE
[1] 75 Am Jur 2d, Trial §§ 250, 242.

BASHARA, J. Defendant was convicted by a jury of two counts of kidnapping, MCL 750.349; MSA 28.581, armed robbery, MCL 750.529; MSA 28.797, and criminal sexual conduct in the first degree, MCL 750.520b; MSA 28.788(2).

Defendant makes several allegations of error, only one of which requires serious discussion. It is defendant's claim that the prosecutor erroneously and prejudically referred to his alibi notice even though defendant did not raise the defense of alibi during trial.

Defense counsel filed a notice of alibi prior to trial, pursuant to MCL 768.20; MSA 28.1043. Before any indication that the defendant would testify, the prosecutor made the following statement before the jury:

"Your Honor, before I start with this witness here, I'd like the Court to take judicial notice of People's Proposed Exhibit Number 4 and that would be an Alibi Notice that has been filed with this Court on behalf of the Defendant."

Defense counsel immediately moved for a mistrial and asked that the jury be excused. After extensive discussion, the trial judge denied the motion but, in the presence of the jury, ordered the prosecutor's remarks stricken. He further instructed that the comments and statements of the lawyers were not to be considered as evidence, nor were they to consider anything the court ordered stricken from the record.

Subsequently, out of the presence of the jury, the prosecutor indicated that he wished to bring out the question of defendant's notice of alibi. After being cautioned by the court not to mention the notice of alibi, the following questions were asked of a police witness:

"Q Ma'am, did you receive a Document from the Defendant with a couple of names mentioned on the Document?

"A Yes, I did.

"Q And did you read the allegations contained in the Document?

"A Yes.

"Q And did you take statements from those people?

"A Yes.

"Q That were mentioned in that Document?

"A Yes.

"Q Who are those people mentioned in that Document and their names?

"A Barry Singleton and Willie Martin.

"MR. KING [prosecutor]: I have no further questions."

Defendant took the stand and testified in his own behalf. He did not offer the alibi defense. On cross-examination, the prosecutor immediately attempted to introduce the notice of alibi by asking defendant if he could identify a document filed in the Recorder's Court. Defense counsel objected and asked that the jury be excused.

The ensuing colloquy revealed that the prosecutor was attempting to get the notice of alibi admitted as a "judicial admission". The trial judge indicated that admission of the document would be too prejudicial and denied the prosecutor's plea to introduce it. When the jury was returned, the next series of questions were:

"Q Now, where were you on August 28th?

"A August 28th?

"Q Yes.

"A At any particular time, I was here in the City of Detroit.

"Q Where were you that night?

"A The night of August 28th I was at 10302 Maple-lawn, it's in the City of Detroit.

"Q Who lives there?

"A My mother-in-law."

In closing argument, the prosecutor made the following comments:

"Then the Police Department checked out alibi witnesses. You didn't see any alibi witnesses here so Officer Stevenson said she took statements from those witnesses, you didn't see the Defendant's mother-in-law testify, but he said he was over to her house that night.

\* \* \*

"Now, he brought out that his brother, Kenneth, told the Defense Counel [sic] the names of two alibi witnesses. Now Mr. O'Connell has been around a long time—

\* \* \*

"Now, maybe my hearing's bad, I thought I heard the Defendant say my brother told the Defense Counsel and we had ten days to file an alibi before trial. This trial did not sneak up on him on August 29th, 1977. His brother allegedly tells his Defense Counsel about witnesses on May 5th, 1978, and lo and behold, it's not his mother-in-law.

\* \* \*

"But look at the other footwork, the alibi witnesses. May 5th, 1978, Gary Singleton, Willie Morgan, he had to have them ten days before trial and have them say, 'Hey, we didn't do anything—.'"

We are of the opinion that the statements and questions propounded as hereinbefore reflected were so prejudicial that reversal is required. In *People v Shannon,* 88 Mich App 138; 276 NW2d 546 (1979), the defendant filed notice of alibi. However, after speaking with the alibi witness, defense counsel chose not to call him. The defen-

dant himself did not testify. This Court found that the prosecutor's and trial court's references to the appearance of the alibi witness and his subsequent failure to testify impermissibly shifted the burden of proof to the defendant.

In *Shannon,* the Court stated the purpose of the notice of alibi requirement:

"Further, there is no useful purpose served by informing the jury of defendant's original intention to produce an alibi and his subsequent decision not to call a supporting witness. The notice of alibi requirement was provided for the benefit and protection of the public. *People v Merritt,* 396 Mich 67, 77; 238 NW2d 31 (1976), *People v McFadden,* 347 Mich 357, 363; 79 NW2d 869 (1956). Its purpose is to enable the prosecution to investigate the merits of such a defense prior to trial, *Merritt, supra,* and not to alert the jury of the defendant's proposed defense." 88 Mich App 138, 144.

The only feature distinguishing *Shannon* from the case at bar is that the defendant, in that matter, did not testify. However, the Court was careful to point out the difference between cases allowing prosecutorial comment upon defendant's failure to produce a corroborating witness:

"Where a defendant testifies to an alibi and calls no additional witnesses to support it, the prosecution, by commenting on the nonproduction of corroborating alibi witnesses, is merely pointing out the weakness in defendant's case. When, however, the defendant produces no testimony to support an alibi, the prosecutor, by commenting on the nonproduction of alibi witnesses, is not exposing a weakness in defendant's case, but is rather improperly shifting the burden of proof to the defendant." *Id.,* 145.

We conclude that any reference made to the

filing of a notice of alibi prior to the defendant's actually putting forth an alibi defense constitutes an impermissible comment on the defendant's right to remain silent. To find otherwise would elevate the procedural requirement of filing the notice of alibi into a waiver of defendant's substantive right to remain silent.

Reversed and remanded for a new trial.