PEOPLE v ALEXANDER

Docket No. 46196. Submitted February 3, 1981, at Grand Rapids.—
    Decided March 16, 1981.

Daniel Alexander was convicted of first-degree murder and break-
ing and entering with intent to commit larceny in Cass Circuit
Court, James E. Hoff, J. The defendant appeals, alleging that 1)
his conviction of both felony murder and breaking and entering
violates the constitutional prohibition against placing him
twice in jeopardy for the same offense, and 2) the trial court
erred in admitting into evidence a photograph of the victim
taken after the homicide. *Held:*

1. The defendant's convictions of both first-degree felony
murder and breaking and entering violate the constitutional
prohibition against double jeopardy since the Legislature failed
to express a clear intent to authorize multiple convictions and
cumulative punishments both for the crime of murder and for
the enumerated felony in the statute on first-degree felony
murder upon which the felony-murder charge is based nor is
there anything in the statute from which such legislative
intent can be inferred.

2. The trial court did not abuse its discretion in admitting
into evidence a photograph of the homicide victim taken after
the murder.

Affirmed in part and reversed in part. Defendant's conviction
of breaking and entering is vacated.

1. CRIMINAL LAW — MULTIPLE OFFENSES — SINGLE CRIMINAL TRANS-
    ACTION. ·

Doubt should be resolved against turning a single criminal trans-
action into multiple offenses where the criminal behavior is
violative of more than one statute.

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law §§ 8, 9, 182 *et seq.*
[2] 21 Am Jur 2d, Criminal Law § 182 *et seq.*
[3] 21 Am Jur 2d, Criminal Law § 369. 29 Am Jur 2d, Evidence § 785
    *et seq.*

2. HOMICIDE — FELONY MURDER — MULTIPLE CONVICTIONS.

The Legislature failed to express a clear intent in the statute on first-degree felony murder to authorize multiple convictions and cumulative punishment for both the crime of murder and the underlying enumerated felony on the face of the statute (MCL 750.316; MSA 28.548).

3. HOMICIDE — EVIDENCE — PHOTOGRAPHS OF HOMICIDE VICTIMS.

The admissibility into evidence of a photograph of a homicide victim's body taken after the homicide lies within the sound discretion of the trial judge.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *William T. Grimmer,* Prosecuting Attorney, for the people.

*Derrick A. Carter,* Assistant State Appellate Defender, for defendant on appeal.

Before: D. F. WALSH, P.J., and R. B. BURNS and D. E. HOLBROOK, JR., JJ.

D. F. WALSH, P.J. Defendant, Daniel Alexander, was charged with first-degree murder—felony, MCL 750.316; MSA 28.548, and breaking and entering with intent to commit larceny, MCL 750.110; MSA 28.305. He was convicted of both offenses.

Defendant first argues that his conviction of both first-degree murder—felony and breaking and entering violates the constitutional prohibition against placing him twice in jeopardy for the same offense. Const 1963, art 1, § 15. We agree.

Defendant was convicted under the following statutory provision:

"All murder which shall be perpetrated by means of poison, or lying in wait, or any other kind of wilful, deliberate and premeditated killing, or which shall be committed in the perpetration, or attempt to perpetrate any arson, rape, robbery, burglary, larceny of any kind,

extortion or kidnaping, shall be murder of the first degree, and shall be punished by solitary confinement at hard labor in the state prison for life." MCL 750.316; MSA 28.548.

In analyzing the issue raised by defendant, we must first determine whether the Legislature intended cumulative conviction and punishment under both MCL 750.316; MSA 28.548 *and* the statute defining the appropriate enumerated felony, in this case MCL 750.110; MSA 28.305. It is only if we reach an affirmative answer to this inquiry that we must consider whether separate convictions and cumulative punishment violates the constitutional prohibition against multiple punishment for the "same offense". See *Wayne County Prosecutor v Recorder's Court Judge,* 406 Mich 374, 389-391; 280 NW2d 793 (1979).

In *Simpson v United States,* 435 US 6; 98 S Ct 909; 55 L Ed 2d 70 (1978), the Court declared that it was imperative that the Legislature express clearly its intent to punish the offenses cumulatively as separate crimes. Citing previous decisions, the Court stated that "doubt will be resolved against turning a single transaction into multiple offenses". *Simpson, supra,* 15.

Similarly, in *Bell v United States,* 349 US 81, 83-84; 75 S Ct 620; 99 L Ed 905 (1955), the Court stated:

"It is not to be denied that argumentative skill, as was shown at the Bar, could persuasively and not unreasonably reach either of the conflicting constructions. About only one aspect of the problem can one be dogmatic. When Congress has the will it has no difficulty in expressing it—when it has the will, that is, of defining what it desires to make the unit of prosecution and, more particularly, to make each stick in a faggot a single criminal unit. When Congress leaves to the Judi-

ciary the task of imputing to Congress an undeclared will, the ambiguity should be resolved in favor of lenity. And this not out of any sentimental consideration, or for want of sympathy with the purpose of Congress in proscribing evil or antisocial conduct. It may fairly be said to be a presupposition of our law to resolve doubts in the enforcement of a penal code against the imposition of a harsher punishment. This in no wise implies that language used in criminal statutes should not be read with the saving grace of common sense with which other enactments not cast in technical language, are to be read. Nor does it assume that offenders against the law carefully read the penal code before they embark on crime. It merely means that if Congress does not fix the punishment for a federal offense clearly and without ambiguity, doubt will be resolved against turning a single transaction into multiple offenses, when we have no more to go on than the present case furnishes."

In *Wayne County Prosecutor v Recorder's Court Judge, supra,* the Court found an expression of clear legislative intent in the felony-firearm statute to create a separate crime distinct from the felony or attempted felony and to impose cumulative punishment. The Court noted that the statute on its face outlined a specifically separate felony offense, whose two-year mandatory sentence was to be served "in addition to" and "consecutively" to and "preceding" the sentence for the underlying felony or attempted felony.

The first-degree murder statute lacks such explicit language. The Legislature, on the face of the statute, failed to express a clear intent to authorize multiple convictions and cumulative punishments both for the crime of murder *and* for the enumerated felony. Nor is there anything in the statute from which such an intent can be inferred. Absent such legislative intent, doubt must be resolved against converting a single transaction into multiple offenses. We conclude, therefore, that the

defendant's convictions for both first-degree murder—felony and breaking and entering violated the constitutional prohibition against double jeopardy. See *People v Peete,* 102 Mich App 34; 301 NW2d 53 (1980). Defendant's conviction of the offense of breaking and entering is reversed and his sentence on that conviction is vacated.[1]

Defendant's second argument on appeal is that the trial court erred reversibly in admitting into evidence a photograph of the victim. The photograph complained of depicted the victim as he was found by the witness. The trial court ruled that the picture, although unpleasant, was far from gruesome and was not inflammatory. In *People v Eddington,* 387 Mich 551, 562; 198 NW2d 297 (1972), the Supreme Court stated:

"In a criminal case, the burden is upon the people to prove every element of the crime charged. These are not nice pictures but they are not any more gruesome than some of the testimony by witnesses. The pictures showed the victims as they were found. The pictures depict the *corpus delicti.* The admission of such evidence is in the sound discretion of the trial judge."

We find no abuse of discretion in the admission of this exhibit.

The defendant's conviction of the offense of breaking and entering is reversed and his sentence on that conviction is vacated. Defendant's conviction of the offense of first-degree murder—felony is affirmed.

---

[1] We are aware of the conclusions reached by other panels of this Court on the question of legislative intent in the enactment of the statute relating to criminal sexual conduct in the first degree. MCL 750.520b; MSA 28.788(2). Insofar as those cases, *People v Robideau,* 94 Mich App 663; 289 NW2d 846 (1980), and *People v Ferrell,* 99 Mich App 609; 299 NW2d 366 (1980), are inconsistent with our conclusions here, we decline to follow those cases.