PEOPLE v BOUKNIGHT

Docket No. 48817. Submitted February 5, 1981, at Detroit.—Decided
        June 4, 1981. Leave to appeal applied for.

Chester Bouknight was convicted of two counts of armed robbery,
        one count of first-degree criminal sexual conduct, and posses-
        sion of a firearm during the. commission of a felony, Detroit
        Recorder's Court, Michael J. Connor, J. He appeals, alleging
        that he was denied due process because of overly suggestive
        lineup identification procedures, that his convictions of first-
        degree criminal sexual conduct and the underlying felony
        violated his right against being placed twice in jeopardy, that
        he was denied a fair trial because of a remark by the trial
        court regarding an alibi witness's credibility, and that the trial
        court erred in commenting on his ablibi defense. *Held:*

    1. Defendant was represented by counsel at the lineup and
        failed to meet the burden of proof that the lineup was imper-
        missibly suggestive.

    2. The elements legally required to convict the defendant of
        first-degree criminal sexual conduct are not necessary to con-
        vict him of armed robbery and conversely. However, the count
        of armed robbery of the woman provided a necessary element
        of the first-degree criminal sexual conduct violation, and thus
        defendant's conviction of that armed robbery was impermissi-

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law § 368.
    Admissibility of evidence of line-up identification as affected by
        allegedly suggestive line-up procedure. 39 ALR3d 487.
[2] 21 Am Jur 2d, Criminal Law § 182 *et seq.*
[3] 73 Am Jur 2d, Statutes §§ 145, 146, 300.
[4] 5 Am Jur 2d, Appeal and Error §§ 553, 622.
[5] 5 Am Jur 2d, Appeal and Error §§ 624-627.
    21 Am Jur 2d, Criminal Law § 137.
    Comment or argument by court or counsel that prosecution evi-
        dence is uncontradicted as amounting to improper reference to
        accused's failure to testify. 14 ALR3d 723.
[6] 21 Am Jur 2d, Criminal Law §§ 136, 137.
    Validity and construction of statutes requiring defendant in crimi-
        nal case to disclose matter as to alibi defense. 45 ALR3d 958.

ble, no clear intent by the Legislature to authorize multiple convictions and cumulative punishments for first-degree criminal sexual conduct having been shown.

3. Defendant was not denied a fair trial because of the trial court's remark regarding the witness's credibility. Defendant did not raise an objection during trial. In addition, the court instructed the jury to disregard the comment.

4. The trial court's comment regarding defendant's alibi defense did not result in prejudice because defendant actually presented such a defense.

Affirmed in part, reversed in part.

1. CRIMINAL LAW — LINEUPS — DUE PROCESS.

A criminal defendant has the burden of proving that the procedures at a lineup identification were so overly suggestive and conducive to irreparable mistaken identification as to deny him due process of law.

2. CRIMINAL LAW — DOUBLE PUNISHMENT — DOUBLE JEOPARDY.

Determination of whether separate punishment imposed for violation of two distinct statutory provisions arising out of one transaction is violative of the constitutional protection against being placed twice in jeopardy involves two tests: the first focuses on the legal elements of each offense; if each requires proof of a fact which the other does not, the proscription against double jeopardy is not violated; the second looks to the facts developed during trial, and where these indicate that violation of one provision is not severable from violation of the other, the provisions blend so as to constitute a single wrongful act except where the Legislature had manifested an intent to make the offenses separate and distinct and has provided separate penalties (US Const, Am V; Const 1963, art 1, § 15).

3. CRIMINAL LAW — DOUBLE PUNISHMENT — CRIMINAL SEXUAL CONDUCT — LEGISLATIVE INTENT — STATUTES.

The Legislature has not evidenced a clear intent to authorize multiple convictions and cumulative punishments for first-degree criminal sexual conduct and an underlying felony (MCL 750.520[b]; MSA 28.788[2]).

4. APPEAL — PRESERVING QUESTION.

Generally, the Court of Appeals will not review allegations of error based on comments made by the trial court where no objection was raised during trial absent a showing of manifest injustice.

5. TRIAL — PROSECUTING ATTORNEYS — JUDGES — PROSECUTORIAL
   COMMENT — STATUTES.
   Comments by a prosecutor or a trial judge during trial regarding
   a defendant's failure to present an alibi defense after filing a
   notice of alibi are improper (MCL 768.20; MSA 28.1043).

6. TRIAL — ALIBI DEFENSE — JUDICIAL COMMENT.
   Comment by a trial court to a jury during voir dire that a
   defendant would present an alibi defense does not result in
   prejudice where such a defense is actually presented.

*Frank J. Kelley*, Attorney General, *Robert A. Derengoski*, Solicitor General, *William L. Cahalan*, Prosecuting Attorney, *Edward Reilly Wilson*, Principal Attorney, Appeals, and *Joseph W. Koch*, Assistant Prosecuting Attorney, for the people.

*Arthur J. Tarnow*, for defendant on appeal.

Before: BRONSON, P.J., and M. F. CAVANAGH and N. J. KAUFMAN, JJ.

M. F. CAVANAGH, J. Defendant was convicted by a jury of two counts of armed robbery, MCL 750.529; MSA 28.797, one count of criminal sexual conduct in the first degree, MCL 750.520(b); MSA 28.788(2), and possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). He was sentenced to a term of from 8 to 30 years in prison on both armed robberies, from 8 to 30 years on the criminal sexual conduct conviction, and to an additional two years on the felony-firearm conviction. Defendant was given credit for 27 days incarceration. Defendant appeals as of right.

The charges against defendant arose from an incident which occurred at approximately 2 a.m. on June 9, 1979. The female complainant and her boyfriend were lying on a hill near the townhouse in which she lived located near the John C. Lodge

freeway in the City of Detroit. The man and woman noticed a man lying near the bottom of the hill who began walking toward them. The woman later identified that man as the defendant. The defendant pulled a gun and ordered the woman and man to lie down. He then took three rings and two chains from the woman and a watch from the man. The defendant told the woman to keep her eyes closed or he would shoot her; the woman kept opening and closing her eyes. The defendant then raped the woman, told the man and woman not to move, and then walked down the hill toward the townhouses.

The man and woman gave descriptions of the assailant to the police. He was described as being about 5 feet 8 or 9 inches tall, with a small mustache, light brown skin and as wearing a baseball cap turned backwards.

Later on the day of June 9, the male victim saw the defendant in the area of the townhouse. He saw the defendant again the next day. The police were called, and the defendant was identified as the man who committed the robbery and rape. Two lineups were held prior to trial. The female victim did not see defendant in the first lineup; he was not present in that lineup. She later identified the defendant in the second lineup. A *Gilbert-Wade*[1] hearing was conducted to determine whether the lineup procedures were overly suggestive. The trial court determined that the lineup was not impermissibly suggestive and conducive to irreparable mistaken identification so as to deny the defendant due process of law, *Stovall v Denno,* 388 US 293; 87 S Ct 1967; 18 L Ed 2d 1199 (1967). Defendant was represented by counsel at the

---

[1] *United States v Wade,* 388 US 218; 87 S Ct 1926; 18 L Ed 2d 1149 (1967), *Gilbert v California,* 388 US 263; 87 S Ct 1951; 18 L Ed 2d 1178 (1967).

lineup. We are not persuaded that defendant met the burden of proving that the lineup was impermissibly suggestive. *People v Rivera,* 61 Mich App 427, 433; 232 NW2d 727 (1975), *People v Horton,* 98 Mich App 62, 67-68; 296 NW2d 184 (1980).

The defendant contends that his convictions of criminal sexual conduct in the perpetration of a felony and armed robbery violate his right to be free of being placed twice in jeopardy. The courts of this state have employed two tests in considering whether the guarantee against double jeopardy has been violated because of "double punishment". The first test, commonly known as the *Blockburger* test, concentrates on the statutory elements of each crime. If, legally, each statutory provision requires proof of a fact which the other provision does not, there is no double jeopardy. *Blockburger v United States,* 284 US 299; 52 S Ct 180; 76 L Ed 2d 306 (1932), *Wayne County Prosecutor v Recorder's Court Judge,* 406 Mich 374; 280 NW2d 793 (1979). The second test looks to the factual proofs involved in the particular case. *People v Martin,* 398 Mich 303; 247 NW2d 303 (1976), *People v Stewart (On Rehearing),* 400 Mich 540; 256 NW2d 31 (1977). Under the second test, if the facts developed during trial indicate that the violation of one provision is not severable from a violation of the second provision, then the former blends into the latter so as to constitute one single wrongful act. This second test has been modified by the Supreme Court to provide that if the Legislature has manifested an intent to make the two offenses separate and distinct and has provided separate penalties there is no violation of double jeopardy. *Wayne County Prosecutor, supra.*

The challenged criminal sexual conduct statute states:

"A person is guilty of criminal sexual conduct in the first degree if he or she engages in sexual penetration with another person and if any of the following circumstances exists:

\* \* \*

"(c) Sexual penetration occurs under circumstances involving the commission of any other felony.

\* \* \*

"(2) Criminal sexual conduct in the first degree is a felony punishable by imprisonment in the state prison for life or for any term of years." MCL 750.520b; MSA 28.788(2).

The statute under which defendant was convicted of armed robbery provides:

"Any person who shall assault another, and shall feloniously rob, steal and take from his person, or in his presence, any money or other property, which may be the subject of larceny, such robber being armed with a dangerous weapon, or any article used or fashioned in a manner to lead the person so assaulted to reasonably believe it to be a dangerous weapon, shall be guilty of a felony, punishable by imprisonment in the state prison for life or for any term of years." MCL 750.529; MSA 28.797.

Under the rationale of *Blockburger* as applied in *Wayne County Prosecutor,* we find that in the instant action the provision challenged is constitutional. To convict a defendant of criminal sexual conduct, the prosecution is required to prove sexual penetration, as defined by the statute, with another person, under circumstances involving the commission of any other felony. None of these elements legally are required to find an armed robbery. To convict a defendant of armed robbery, the prosecution must prove an assault on another, a taking of property with an intent to perma-

nently deprive its owner of the property while the defendant is armed with a dangerous weapon or an article used or fashioned in a manner so as to lead the person so assaulted to believe that it is a dangerous weapon. None of those elements legally are necessary to convict a defendant of first-degree criminal sexual conduct. Under *Wayne County Prosecutor, supra,* the fact that in the instant action the armed robbery is the underlying felony would not render the statutory provision unconstitutional.

Under the test enunciated in *Stewart* and *Martin,* the challenged statutory provision fails to pass constitutional muster unless, as the Supreme Court found in *Wayne County Prosecutor,* we are able to find a clear legislative intent to authorize separate convictions and cumulative punishments based upon the one occurrence. If the statute evinces this clear legislative intent, *Stewart* and *Martin* are inapplicable and separate convictions are constitutional. *Wayne County Prosecutor, supra,* 402.

We decline to follow this Court's decision in *People v Robideau,* 94 Mich App 663; 289 NW2d 846 (1980). Instead, we reaffirm the view expressed in *People v Peete,* 102 Mich App 34, 41-43; 301 NW2d 53 (1980), where this Court stated:

"We note that this case involves an application of the traditional double jeopardy restraint on courts and prosecutors which prevents imposing *double punishment and conviction for a single act.* This case does not involve a challenge to a clear legislative intent to doubly punish for a single criminal act. See *People v Jankowski,* 408 Mich 79, 85-86; 289 NW2d 674 (1980), *Wayne County Prosecutor v Recorder's Court Judge,* 406 Mich 374; 280 NW2d 793 (1979), *reh den* 406 Mich 1127 (1979).

"In this opinion, we disagree with the conclusions of

this Court in *People v Robideau,* 94 Mich App 663; 289 NW2d 846 (1980), and *People v Ferrell,* 99 Mich App 609; 299 NW2d 366 (1980), that the criminal sexual conduct statute expresses a clear intent to authorize multiple convictions.

\* \* \*

"As there is no apparent legislative intent to provide for cumulative convictions for a single criminal act, it is necessary to determine whether, on the facts of the case at issue, the lesser offense is proved by the same evidence used to prove the greater, *Jankowski, supra,* 86, 91, *People v Stewart (On Rehearing),* 400 Mich 540; 256 NW2d 31 (1977), *People v Martin,* 398 Mich 303; 247 NW2d 303 (1976).

"Applying this analysis to the criminal sexual conduct statute, we conclude that conviction for an underlying felony is impermissible where that felony is evidentially used as one element of first-degree criminal sexual conduct."

We agree. The Supreme Court in *Wayne County Prosecutor* focused on the language of the felony-firearm statute in noting the Legislature's intent to make the carrying of a weapon during the commission of a felony a separate crime from the underlying felony. The Court compared the language of the felony-firearm statute to that of the habitual offender statutes, MCL 769.10; MSA 28.1082, MCL 769.11; MSA 28.1083, MCL 769.12; MSA 28.1084, and the armed robbery statute, MCL 750.529; MSA 28.797, and found:

"The [felony-firearm] statute decrees that any person carrying or possessing a firearm during a felony or attempted felony *'is guilty of a felony'* and shall be imprisoned for two years. This two-year sentence must be imposed *'in addition to'* the sentence for the felony or attempted felony and must be served *'consecutively'* to and *'preceding'* the sentence for that crime." [Emphasis in original.]

"This language is markedly different from the language used by the Legislature in those statutes which are merely sentence enhancement statutes." *Wayne County Prosecutor, supra,* 389.

The relevant portion of the criminal sexual conduct statute states:

"A person is guilty of criminal sexual conduct in the · first degree if he or she engages in sexual penetration with another person and if any of the following circumstances exists:

\* \* \*

"(c) Sexual penetration occurs under curcumstances involving the commission of any other felony."

\* \* \*

"(2) Criminal sexual conduct in the first degree is a felony punishable by imprisonment in the state prison for life or for any term of years." MCL 750.520b; MSA 28.788(2).

There is no language in the criminal sexual conduct statute similar to that relied upon by the *Wayne County Prosecutor* Court in its analysis of the felony-firearm statute which would lead this Court to find that the Legislature evidenced a clear intent to authorize multiple convictions and cumulative punishments for first-degree criminal sexual conduct and the underlying felony. Therefore, defendant's conviction of the underlying crime of armed robbery as to the female complainant is vacated.[2]

---

[2] The author of this opinion is aware of his participation in the decision in *People v Robideau,* 94 Mich App 663; 289 NW2d 846 (1980), where it was held that the Legislature did express an intent in the criminal sexual conduct statute to "authorize multiple convictions and cumulative punishments," comparing that conclusion with the Court's finding in *Wayne County Prosecutor v Recorder's Court Judge,* 406 Mich 374; 280 NW2d 793 (1979), *reh den* 406 Mich 1127 (1979), of such legislative intent in the felony-firearm statute.

After a thorough examination of this issue, the author of this

Defendant's next issue which merits discussion is his assertion that the trial court's reference to the testimony of an alibi witness was prejudicial to the defendant.

Defendant presented a witness who testified that the defendant was with her at the time the incident occurred. On cross-examination, that witness was asked:

"*Q.* Would you tell me what time he came on the night prior?

"*A.* Friday night?

"*Q.* The night before, yeah, Thursday night.

"*[Counsel for defendant]:* Your Honor, I'm going to object to that. I don't see the relevance of this.

"*The Court:* That's over-ruled. He's testing her memory, obviously, that's the relevancy. Her credibility is much in question."

On appeal, defendant objects to the court's statement that the witness's credibility was in question. Defense counsel failed to object to the court's statement at trial. Generally, this court will not review allegations of error based on comments not objected to at trial absent manifest and serious error. *People v Therrien,* 97 Mich App 633; 296 NW2d 8 (1979), *People v Stinson,* 88 Mich App 672; 278 NW2d 715 (1979). Defendant was not denied a fair and impartial trial because of this remark by the trial court. Furthermore, the trial court later instructed the jury to disregard any comments by the court which might indicate an opinion as to the guilt or innocence of the accused.

Finally, defendant claims error in the trial

opinion is convinced that today's decision finding no such legislative intent in the criminal sexual conduct statute is correct. Therefore, the decision in the instant case expressly departs from the decision in *Robideau.*

court's indication to the jury on voir dire that an alibi defense would be presented. Defendant asserts that the court's comment constituted a violation of his right to remain silent. We distinguish the instant case from both *People v Hunter,* 95 Mich App 734; 291 NW2d 186 (1980), and *People v Shannon,* 88 Mich App 138; 276 NW2d 546 (1979), wherein the defendants, though having filed a notice of alibi as required by MCL 768.20; MSA 28.1043, did not present an alibi defense at trial. This Court in *Hunter* and *Shannon* stated that it was improper for the prosecutor *(Shannon)* or trial judge *(Hunter)* to comment on the defendant's failure to present the alibi defense after having filed the notice of such. We agree that such comments should not be encouraged. In situations where the jury has been apprised of the defendant's filing of the notice of alibi by the court or prosecutor where the defendant does not present an alibi defense, the comment impermissibly shifts the burden of proof to the defendant. Here, however, unlike both *Hunter* and *Shannon,* the defendant did testify and did present an alibi defense. Therefore, even though we would hope to discourage comment on a defendant's notice of alibi or anticipated alibi defense prior to the introduction of that defense, we find no prejudice to the defendant here.

We find the defendant's remaining contentions of error to be without merit.

Based on the foregoing, defendant's convictions of first-degree criminal sexual conduct, felony-firearm, and one count of armed robbery are affirmed. Defendant's conviction on one count of armed robbery is vacated.

Affirmed in part, reversed in part.