## PEOPLE v BURWICK

Docket No. 67834. Submitted January 3, 1984, at Grand Rapids.—
Decided March 21, 1984. Leave to appeal applied for.

Joe C. Burwick was convicted of assault with intent to do great
bodily harm less than murder and felony-firearm following a
jury trial in Calhoun Circuit Court, Paul Nicolich, J. Prior to
trial, defendant filed a notice of alibi listing five witnesses. In
her opening statement, defense counsel, without mentioning
the word "alibi", indicated that defendant was not at the scene
of the crime and that witnesses would testify to that effect.
During the examination of the prosecution's first witness, a
police officer, the prosecutor inquired if the officer recognized
the names of those persons whom the defendant had listed on
the notice of alibi. The officer indicated that he did and that:
"They were presented by your office as alibi witnesses that
should be interviewed." Defendant objected on the ground that
he had not yet presented any alibi witnesses. The objection was
sustained. Defendant later moved for a mistrial on the same
basis, which was denied. Following the trial, defendant moved
for a new trial on two grounds: that he was prejudiced by the
reference to the alibi witnesses in the prosecution's case in
chief and that error arose from the trial court's failure to
instruct the jury on self-defense. The motion was denied. Defen-
dant appeals. *Held:*

1. While the court, the prosecutor, and the prosecution's
witnesses should refrain from making any comment relative to
a defendant's notice of alibi or an anticipated defense of alibi
prior to the introduction of that defense by the defendant,
reversal is not mandated where, as here, the defendant was not
prejudiced by the brief reference to his alibi defense in the

REFERENCES FOR POINTS IN HEADNOTES
[1] 4 Am Jur 2d, Appeal and Error §§ 123, 124.
  5 Am Jur 2d, Appeal and Error §§ 772-774.
  58 Am Jur 2d, New Trial §§ 212, 213.
[2] 5 Am Jur 2d, Appeal and Error §§ 806, 808.
  58 Am Jur 2d, New Trial §§ 56, 57.
  75 Am Jur 2d, Trial §§ 91, 258, 259.
[3] 75 Am Jur 2d, Trial §§ 574, 575, 578.

prosecution's case in chief. Since defendant ultimately presented an alibi defense, no prejudice has been shown and the trial court properly denied a new trial on the basis of the brief mention by the prosecution witness of the anticipated alibi defense.

2. The defendant made no request for an instruction on self-defense. While there was some evidence which would have supported such an instruction, the trial court was under no duty to instruct *sua sponte* as to self-defense, since the defense of self-defense was inherently contradictory to the alibi defense urged by the defendant at trial and an instruction as to self-defense would have only confused the jury.

Affirmed.

1. NEW TRIAL — APPEAL.

The granting or denying of a motion for a new trial is within the sound discretion of the trial court; the determination of the trial court will not be disturbed on appeal absent a showing of an abuse of discretion.

2. TRIAL — ALIBI DEFENSE — JUDGES — PROSECUTING ATTORNEY — WITNESSES.

Comments relative to a defendant's notice of alibi or anticipated defense of alibi by the trial court, the prosecutor or the prosecution's witnesses prior to the introduction of that defense by the defendant are improper; however, a brief remark mentioning "alibi" during the presentation of the prosecution's case in chief is not error mandating a new trial where the defendant testified at trial and presented alibi witnesses.

3. TRIAL — JURY INSTRUCTIONS — SELF-DEFENSE — ALIBI DEFENSE.

A trial court is under no duty to instruct *sua sponte* on the defense of self-defense where, although some evidence was presented which would support an instruction on self-defense, defendant did not request such an instruction and instead relied solely upon the defense of alibi.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Conrad J. Sindt,* Prosecuting Attorney, and *Richard A. Pattison,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Susan J. Smith),* for defendant on appeal.

Before: R. B. Burns, P.J., and V. J. Brennan and J. T. Kallman,* JJ.

Per Curiam. Defendant, Joe Cecil Burwick, was convicted by a jury of assault with intent to do great bodily harm less than murder, MCL 750.84; MSA 28.279, and felony-firearm, MCL 750.227b; MSA 28.424(2). He was sentenced to the mandatory two-year term for the felony-firearm conviction to be followed by two years on probation for the assault conviction and he appeals as of right.

This case arose out of events occurring on May 21, 1980, when defendant allegedly shot Jose Rodriguez. Rodriguez and his wife of ten years, Brenda, had been separated for approximately three months. Jose was seeing Sue Ann Diamond socially and Brenda was seeing defendant. However, Jose was not pleased that Brenda was seeing defendant and he had threatened defendant in the past. The two men had fought when Jose found defendant and Brenda in a bedroom at the Rodriguez home. Defendant also testified that "he [Jose] would step out behind another vehicle and throw a tire iron at my car when he'd see me going down the road".

On the day of the shooting, Jose visited Diamond and arranged to use her car so that he could go to his mother's house. Jose drove past Brenda's house and he knew defendant was there. While at his mother's house, he telephoned Brenda asking to speak with defendant. Defendant did not speak with Jose and he left Brenda's house in his orange Mustang. Jose then drove over to Brenda's house to see what was going on between the defendant and Brenda. Jose and Brenda spoke in front of Brenda's house for approximately 45 minutes.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Brenda testified that Jose "pointed up the street and said, 'There he is; there's that sonofabitch'" and that he then ran to his car and took off down the street. Brenda further testified that she did not see defendant's car.

Jose testified as follows. As he and Brenda spoke, Brenda stopped and pointed to an orange Mustang which was aproximately one block away. He then entered Diamond's car and pursued the Mustang. A chase ensued which ended when he passed the Mustang, pulling in front of it. He forced the Mustang to stop. While passing the Mustang, he saw defendant, who was alone in the car, wave something in his right hand. When the cars stopped, he exited from his car and took two or three steps toward the Mustang. Out of the half-open window on the driver's side of the Mustang, defendant shot him three or four times. After defendant left the scene, he drove back to Brenda's house. He asked Brenda to take him to the hospital, but instead, she telephoned Diamond, saying that she was bringing him over to Diamond's house. Diamond took him to the hospital.

Defendant testified that he was at the home of Jerry Ousley where a birthday party for Ousley's wife was being held that evening. Although he left Ousley's house several times that afternoon and evening, he did not leave the neighborhood. Ousley and two other witnesses verified defendant's alibi. They testified that defendant left the party only for short periods of time and never in his car.

Defendant's first claim is that error occurred when a prosecution witness testified on direct examination to the existence of alibi witnesses before defendant took the stand or called any alibi witnesses. We disagree.

Prior to trial, defendant filed a notice of alibi,

listing five witnesses. During voir dire, the trial court read a list of possible witnesses which included those named on the notice of alibi to ascertain if the jurors were acquainted with any of the witnesses. In her opening statement, defense counsel, without mentioning the word "alibi", discussed the fact that defendant was elsewhere and that witnesses would testify to that effect.

The prosecution's first witness was Sergeant Eric Bush, the investigating officer. On direct examination, the following colloquy occurred:

"*Q.* Now, do the names Jerry and Rebecca Ousley, Robert and Candice Baker, and Ellen Chadwick ring a bell?

"*A.* Yes, sir.

"*Q.* How is it that you know or have heard of them?

"*A.* They were presented by your office as alibi witnesses that should be interviewed.

"*Q.* Did you, in fact, try to make contact with these people?

"*A.* I did.

"*Q.* Would you tell us what contact you made, or efforts to that effect."

Defendant objected on the ground that he had not yet presented any alibi witnesses. The people responded saying that they hoped to show that the witnesses listed on the notice of alibi had refused to talk to the investigating officer. The objection was sustained. Later that day, defendant moved for a mistrial based on the above exchange. The motion was denied. On August 23, 1982, defendant moved for a new trial on two grounds, one of which was the reference to the alibi defense in the exchange between the prosecutor and Bush. The motion was denied.

Denial of a motion for a new trial is within the

sound discretion of the trial court. *People v Mack,* 112 Mich App 605, 614; 317 NW2d 190 (1981). The decision of the trial court will not be disturbed on appeal absent a showing of an abuse of discretion. *People v Hence,* 110 Mich App 154, 171; 312 NW2d 191 (1981).

In *People v Shannon,* 88 Mich App 138; 276 NW2d 546 (1979), the defendant filed a notice of alibi, the witness was not called to testify and the defendant did not take the stand. In its instructions, the trial court informed the jury that the witness listed in the notice of alibi was available but that the defense decided not to call the witness. During closing argument, the prosecutor referred to the nonproduction of the alibi witness. On appeal, defendant claimed that the comments impermissibly shifted the burden of proof and, as a result, he was denied a fair trial. This Court agreed and held that: "Informing the jury of defendant's failure to produce an alibi witness where he had previously given notice unduly denigrates defendant's case when he later chooses to present no evidence." 88 Mich App 143. The Court also determined that the purpose of filing notice of alibi is to enable the prosecution to investigate the merits of the defense prior to trial, not to alert the jury to defendant's proposed defense. There was no useful purpose served in informing the jury of the defendant's original intention to present an alibi defense and his later decision not to call the alibi witness. Reversible error was found in both the court's instruction and the prosecutor's comments.

Similarly, reversible error was found in *People v Hunter,* 95 Mich App 734; 291 NW2d 186 (1980). Before there was any indication that the defendant would testify, while in the jury's presence, the prosecutor requested the court to take judicial

notice of his proposed exhibit, stating it was the notice of alibi on behalf of defendant. After denying defendant's motion for a mistrial, the trial court ordered the comment stricken from the record and cautioned the jury. Out of the jury's presence, the prosecutor indicated that he wanted to bring out the question of defendant's notice of alibi. The court cautioned the prosecutor not to mention the notice of alibi. During direct examination, a police witness was asked if she viewed a document from the defendant where he mentioned names, if she read the allegations contained in the document, and if she took statements from the people so named. The defendant took the stand and testified he was at his mother-in-law's house when the crime was committed. No alibi witnesses were presented by defendant. During closing argument, the prosecutor commented about the fact that no alibi witnesses were presented and that defendant had filed a notice of alibi. In reversing the case, the Court determined that any reference made to the filing of the notice of alibi prior to defendant's asserting such a defense constitued an impermissible comment on defendant's right to remain silent.

Contrary results were reached in *People v Dean,* 103 Mich App 1; 302 NW2d 317 (1981), and *People v Bouknight,* 106 Mich App 798; 308 NW2d 703 (1981), *lv gtd* 412 Mich 871 (1981).

In *Dean, supra,* although the Court disapproved "of any mention by the prosecution of the filing of notice of an alibi defense before defendant actually elects to proceed with such a defense", reversal was not mandated. 103 Mich App 8. The prosecutor had commented during jury voir dire and opening argument that defendant had filed a notice of alibi; however, there was no objection to the

comments and defendant *did* produce witnesses supporting his alibi defense. Because the prosecutor did not comment on defendant's failure to produce some or all of his alibi witnesses and the prosecutor was only attempting to discover if the jury, when faced with conflicting evidence, would still bring in a verdict of guilty, the Court found that the defendant was not prejudiced by the statements.

In *Bouknight, supra,* the judge indicated to the jury on voir dire that an alibi defense would be presented. The defendant took the stand and presented an alibi defense. Finding no reversible error, the Court stated: "In situations where the jury has been apprised of the defendant's filing of the notice of alibi by the court or the prosecutor where the defendant does not present an alibi defense, the comment impermissibly shifts the burden of proof to defendant." 106 Mich App 808. However, the burden was not shifted to defendant and the Court found that defendant was not prejudiced by the trial court's comments.

In the instant case, we also find that defendant was not prejudiced by the inadvertent remark mentioning "alibi" and the complained-of testimony because he testified at trial and presented alibi witnesses. We agree with the *Bouknight* panel that comments on a defendant's notice of alibi or anticipated alibi defense prior to the introduction of that defense are to be discouraged. Furthermore, as in *Bouknight,* we find *Shannon* and *Hunter* distinguishable from the facts in the instant case.

There was no abuse of discretion in the trial court's denial of defendant's motion for a new trial on this issue.

Furthermore, in the instant case, although some

evidence was presented to support an instruction on self-defense, we find that the trial court was not under a duty *sua sponte* to instruct the jury on self-defense as defendant claims. There was no request for such an instruction and, indeed, defendant solely relied upon the defense of alibi. The trial court fully instructed the jury on alibi. We agree with the trial court's reason for denying defendant's motion for new trial on this issue. There would have been no basis for the giving of a self-defense instruction when defendant unequivocally testified he was not at the scene of the crime. Such an instruction would only have confused the jury. The instant case was not one in which alternate theories of defense were presented and the trial court refused to instruct on both defenses.

Our review of the record shows that defendant's remaining allegation of error is without merit.

Affirmed.