PEOPLE v. JORDAN.

1. CRIMINAL LAW—STATUTES.

    A defendant in any criminal case or proceeding shall only at his own request be deemed a competent witness, and his neglect to testify shall not create any presumption against him, nor shall the court permit any reference or comment to be made to or upon such neglect (CLS 1961, § 600.2159).

2. SAME — CONSTITUTIONAL LAW — SELF-INCRIMINATION — CREDIBILITY—JURY—COMMON KNOWLEDGE.

    The common knowledge of the bar that it is not customary for a criminal defendant to take the stand at preliminary examination, is not equally well-known to the lay juror, who may well infer that such refusal to have done so is evidence of guilt or lack of credibility rather than an exercise of a statutory and constitutional right (US Const, Am 5; Const 1963, art 1, § 17; CLS 1961, § 600.2159).

3. SAME — CONSTITUTIONAL LAW — SELF-INCRIMINATION — HARMLESS ERROR.

    Claim that interrogation by the prosecution as to whether defendant, charged with armed robbery, had taken the stand

---

REFERENCES FOR POINTS IN HEADNOTE

[1] 58 Am Jur, Witnesses § 173.
[2, 7] 21 Am Jur 2d, Criminal Law §§ 356, 358.
[3] 5 Am Jur 2d, Appeal and Error § 778.
[4] 5 Am Jur 2d, Appeal and Error § 867.
[5, 6] 21 Am Jur 2d, Criminal Law § 351.

at preliminary examination was harmless error, on the basis that the jury may not have heard the question and answer, *held,* without merit, there being no justification for ignoring that part of a record showing error on a mere conjecture that the jury might not have heard the testimony such part of the record represents.

4. APPEAL AND ERROR—CRIMINAL LAW—QUESTIONS REVIEWABLE.
   Appellate courts may notice and correct grave errors which seriously affect substantial rights of an accused, even though the error was not properly preserved below.

5. CRIMINAL LAW—CONSTITUTIONAL LAW—SELF-INCRIMINATION.
   The Fifth Amendment exception from compulsory self-incrimination is also protected by the Fourteenth Amendment against abridgment by the States (US Const, Ams 5 and 14).

6. SAME—CONSTITUTIONAL LAW—SELF-INCRIMINATION.
   The Michigan Constitution contains precisely the same provision as does the Constitution of the United States concerning the right against being compelled in a criminal case to be a witness against oneself (US Const, Am 5; Const 1963, art 1, § 17).

7. SAME—CONSTITUTIONAL LAW—SELF-INCRIMINATION.
   Prosecutor's interrogation of criminal defendant, during jury trial, as to whether he had taken the stand at the preliminary examination *held,* reversible error, since such interrogation was in direct violation of the defendant's statutory and constitutional rights (US Const, Am 5; Const 1963, art 1, § 17; CLS 1961, § 600.2159).

Appeal from Recorder's Court of Detroit; Koscinski (Arthur J.) J. Submitted Division 1 December 15, 1966, at Detroit. (Docket No. 1,641.) Decided June 13, 1967. Rehearing denied July 25, 1967. Leave to appeal for limited review granted January 10, 1968. See 380 Mich 752.

Robert Jordan was convicted of armed robbery. Defendant appeals. Reversed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Samuel H. Olsen,* Prosecuting Attorney, *Samuel J. Torina,* Chief

Appellate Lawyer, and *Thomas P. Smith,* Assistant Prosecuting Attorney, for the people.

*J. Leonard Hyman* (*Stanley M. Weingarden,* of counsel), for defendant.

Burns, J. Defendant was tried by jury and found guilty of armed robbery.[1] The defendant took the stand to testify in his own defense. During his cross-examination by the prosecutor, the prosecutor asked the following question: "By the way, at the preliminary hearing did you take the stand?" The defendant answered, "No, I didn't." No objection was made to the question, and no further reference was made to the matter during the trial.

CLS 1961, § 600.2159 (Stat Ann 1962 Rev § 27A-.2159) provides as follows:

"A defendant in any criminal case or proceeding shall only at his own request be deemed a competent witness, and his neglect to testify shall not create any presumption against him, nor shall the court permit any reference or comment to be made to or upon such neglect."

This case is a classic example of the one question too many. The question asked in the instant case was wholly immaterial, irrelevant, and in violation of the Michigan statute cited above.

Additionally, there was resultant prejudice worthy of our discussion.

It is well known to the bar that although the defendant *may* take the stand at the preliminary examination under the Michigan statute,[2] that it is uncommon in actual practice for him to do so. This

---

[1] CLS 1961, § 750.529 (Stat Ann 1965 Cum Supp § 28.797).
[2] CL 1948, § 766.12 (Stat Ann 1954 Rev § 28.930).

fact is *not* equally well known to the lay juror, who might well infer that his refusal to have done so was evidence of guilt or of lack of credibility rather than an exercise of a statutory *and* a constitutional[3] right.

In *Grunewald* v. *United States* (1957), 353 US 391 (77 S Ct 963, 1 L ed 2d 931), the Supreme Court in the exercise of its supervisory powers over Federal courts, held, *inter alia,* that it was reversible error for the trial court to permit the government, for the purpose of impeaching defendant's credibility, to cross-examine him at trial with reference to his previous assertion of the privilege against self-incrimination before a grand jury. The court's language, at p 424, is particularly relevant to the instant case:

"The danger that the jury made impermissible use of the testimony by implicitly equating the plea of the Fifth Amendment with guilt is, in the light of contemporary history, far from negligible."

In *Stewart* v. *United States* (1961), 366 US 1 (81 S Ct 941, 6 L ed 2d 84), the Supreme Court reversed a conviction where the prosecutor concluded his cross-examination of defendant, who took the stand for the first time at his third trial, with these words:

" 'Willie, you were tried on two other occasions.' And, 'This is the first time you have gone on the stand, isn't it, Willie?' "

One of the government's contentions in *Stewart, supra,* was that the jury may not have heard the improper question. This possibility might also be raised in the instant case where there was no further reference to the remark. However, the Su-

---

[3] US Const, Am 5; Const 1963, art 1, § 17.

preme Court's language in *Stewart, supra,* p 7, is applicable here:

"We can think of no justification for ignoring the part of a record showing error on a mere conjecture that the jury might not have heard the testimony that part of the record represents."

While appellate courts generally will not review alleged error which was not preserved below, they may notice and correct grave errors which seriously affect substantial rights of the accused. See *People v. Limon* (1966), 4 Mich App 440.

In *Malloy v. Hogan* (1964), 378 US 1 (84 S Ct 1489, 12 L ed 2d 653), the Supreme Court held that the "Fifth Amendment's exception from compulsory self-incrimination is also protected by the Fourteenth Amendment against abridgment by the States." In *Griffin v. California* (1965), 380 US 609 (85 S Ct 1229, 14 L ed 2d 106), this privilege was applied in its decision at p 615, as follows:

"We * * * hold that the Fifth Amendment, in its direct application to the Federal government, and in its bearing on the States by reason of the Fourteenth Amendment, forbids either comment by the prosecution on the accused's silence or instructions by the court that such silence is evidence of guilt."

The Michigan Constitution of 1963, art 1, § 17, contains precisely the same provision as does the 5th Amendment to the United States Constitution concerning the right against being compelled in a criminal case to be a witness against oneself.

It is therefore apparent that in raising the issue of the prosecutor's question in his appellate brief, defendant has alleged the denial of a constitutional right, and further, that there has been a violation of this right which requires reversal.

We shall not discuss any further assignments of error in view of our disposition of this cause on the issue discussed above.

Reversed and remanded for a new trial.

LESINSKI, C. J., and LEVIN, J., concurred.