PEOPLE v CAMPBELL

1. CRIMINAL LAW—EVIDENCE—PRIOR ACTS—ISSUES—MOTIVE—INTENT
—RELEVANCE.

Evidence of prior acts may be admitted to show a defendant's
motive and intent regardless of whether the evidence also may
tend to show the commission of another crime, but the evidence
must be relevant to the issue for which it is offered; the
prosecutor is not free to submit any type of evidence for this
purpose (MCLA 768.27).

2. CRIMINAL LAW—EVIDENCE—REMOTENESS—SPECULATIVE EVIDENCE
—ADMISSIBILITY OF EVIDENCE—LARCENY—CREDIT CARDS.

Evidence in a prosecution for knowingly retaining or secreting
another's credit card that an automobile of the same model and
year and possibly the same color as the automobile owned by
the accused was parked near a complainant's automobile in a
parking lot on the evening that a credit card left in the
complainant's automobile had disappeared was too remote and
speculative and therefore improperly admitted.

3. CRIMINAL LAW—EVIDENCE—ADMISSIBILITY OF EVIDENCE—HARMLESS
ERROR—LARCENY—KNOWINGLY RETAINING PROPERTY—SECRET-
ING PROPERTY—ISSUES—WITNESSES—CREDIBILITY OF WITNESSES.

Error in a criminal case in the admission of testimonial evidence
to the effect that an accused had stolen a credit card was
reversible where the main dispute in the case concerned
whether the accused had knowingly retained or secreted the
credit card without the owner's consent, the question was very
close, and its resolution was dependent to a great degree upon
the credibility of testifying witnesses.

REFERENCES FOR POINTS IN HEADNOTES
[1] 29 Am Jur 2d, Evidence §§ 320, 324–326.
Admissibility, at trial of criminal case, of evidence of defendant's
criminal acts other than those charges—Supreme Court cases. 93
L Ed 185.
[2] 30 Am Jur 2d, Evidence §§ 1081, 1091.
[3] 50 Am Jur 2d, Larceny §§ 12, 157.
58 Am Jur, Witnesses § 868.

Appeal from Berrien, Julian E. Hughes, J. Submitted Division 3 January 6, 1975, at Grand Rapids. (Docket No. 17784.) Decided June 9, 1975.

William C. Campbell was convicted of knowingly retaining or secreting another's credit card without consent of the owner. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *John A. Smietanka,* Prosecuting Attorney, and *John Jeffrey Long,* Assistant Prosecuting Attorney, for the people.

*Steven L. Schwartz,* Assistant State Appellate Defender, for defendant.

Before: V. J. BRENNAN, P. J., and J. H. GILLIS and D. E. HOLBROOK, JR., JJ.

V. J. BRENNAN, P. J. Defendant, William C. Campbell, was convicted by a jury in Berrien County Circuit Court of the offense of knowingly retaining or secreting another's credit card without his consent. MCLA 750.157n; MSA 28.354(14). He was sentenced to from 2 years and 8 months to 4 years in prison. He now appeals presenting several issues for our consideration, only one of which merits decisional discussion. The others are either without merit or have not been properly preserved for appeal.

Defendant was originally charged with either stealing or knowingly retaining or secreting a certain credit card without the owner's consent. Prior to trial, upon the agreement of both parties, the information was amended so as to delete therefrom the word "steal," since there was no evidence available to properly establish venue for the of-

fense in the State of Michigan. Defendant's attorney then moved to suppress any evidence which would tend to show that defendant may have stolen the credit card involved. The trial judge denied the motion, recognizing that the evidence which would bear on the issue of whether defendant stole the credit card was that of an automobile similar to defendant's, parked near the credit card owner's car at the time his wallet was taken, and that of certain papers which were also taken. The trial judge ruled that this evidence was admissible because it was both material and relevant to the issue of defendant's knowledge.

At trial it was established that on the night of either December 21 or 22, 1972, the wallet of a Mr. Holkan was taken from his car while it was parked at a truck-stop west of Michigan City, Indiana. Mr. Holkan's wallet contained the usual pieces of identification and a Gulf Oil Credit Card, all later found in the possession of defendant when, on January 19, 1973, he was arrested for driving without a valid operator's license. Mr. Holkan further testified that he did not give defendant, or any other person, his permission to hold, use, retain or secrete this credit card, his wallet or anything contained therein.

Defendant maintained, both at the time of his arrest and at trial, that he acquired the card and the other pieces of identification from a man in a bar as security for a debt which the man owed him as a result of bets placed on several games of pool. According to defendant and his two corroborating witnesses, defendant won some money from a man playing pool and the man, who was not stated to be Mr. Holkan, was unable to pay off his losses so he left the items found in defendant's possession with defendant until he could return with some money. The man, however, never returned.

Defendant did not dispute the fact that Mr. Holkan's wallet and the items contained therein were taken from his car. He did maintain, however, that he did not know that the items he received were stolen or that the man who gave them to him was not the true owner. The statute under which defendant was charged, MCLA 750.157n; MSA 28.354(14), requires that the credit card be "knowingly" retained or "knowingly" secreted. In order to show that defendant knowingly retained or secreted Mr. Holkan's credit card the prosecutor sought to link defendant to the theft of the card. The arresting officer, Trooper Hellenga, testified that, at the time of defendant's arrest, defendant was driving a red 1966 Mercury registered in his name and bearing Alabama license plates. During his direct examination of Mr. Holkan, the prosecutor brought out the fact that Mr. Holkan also drove a 1966 Mercury. He then asked Mr. Holkan if he noticed any other car like his parked at the truck-stop on the night his wallet was taken. Mr. Holkan testified that he saw another 1966 Mercury parked facing his car in the parking lot. When asked what color the car was he gave the following answer:

"A. When I was asked the first time by the officer I stated it was maroon, because the lights were bad on that side. I noticed it to be a '66 Mercury because I drive one and it was a red car, as I was told."

That the prosecutor intended this evidence to be used to establish defendant's guilty knowledge by asking the jury to believe that defendant stole Mr. Holkan's wallet is evident from his closing argument to the jury wherein he stated:

"All right. Is there anything else which ties this

defendant in to knowing possession of this credit card? Well, let's go back to when the defendant—pardon me— when the victim first lost his wallet. Now, Mr. Holkan is a very direct man. He tells you exactly why he remembers that night. He just spent 60 hours trying to get his parents out of Chicago. He just stopped in for a bite to eat and he left his wallet on the window. He was in there for a few minutes, he went back out to find the wallet and it was gone. When he went in he noticed a '66 Mercury, maroon or red, the color was not too clear, it was faded. He noticed that parked right in front of his car. And a month later the defendant is stopped driving a '66 Mercury red or maroon car.

\* \* \*

"We are not trying him for theft of this wallet and what was inside of it. That took place—the stealing of this wallet took place down in Indiana. This evidence about the stealing or about how it turns up missing is relevant to you and should be considered by you to determine whether or not he knew—this defendant knew that he had that credit card without the owner's consent. Ladies and Gentlemen, he knew that he had that credit card without the owner's consent, because he took it and because he had it for nearly a month."

Defendant contends that the introduction of this evidence was reversibly erroneous. We agree. While it is clear that evidence of prior acts may be admitted to show a defendant's motive and intent, regardless of whether the evidence also may tend to show the commission of another crime, MCLA 768.27; MSA 28.1050, *People v Chism,* 390 Mich 104; 211 NW2d 193 (1973), *People v Wood,* 44 Mich App 99; 205 NW2d 66 (1972), *lv den,* 390 Mich 758 (1973), *People v Simon,* 23 Mich App 64; 178 NW2d 106 (1970), this does not mean that the prosecutor is free to submit any type of evidence for this purpose. The evidence must be relevant to the issue for which it is offered. See generally *People v Smedley,* 37 Mich App 325; 194 NW2d

383 (1971), *People v Burton,* 28 Mich App 253; 184 NW2d 336 (1970).

The appropriate statute provides, in relevant part:

"Sec. 27. In any criminal case where the defendant's motive, intent, the absence of, mistake or accident on his part, * * * is material, any like acts or *other acts of the defendant* which may tend to show his motive, intent, the absence of, mistake or accident on his part, * * * may be proved whether they are contemporaneous with or prior or subsequent thereto; notwithstanding that such proof may show or tend to show the commission of another or prior or subsequent crime by the defendant." MCLA 768.27; MSA 28.1050. (Emphasis added.)

We do not dispute the fact that evidence which would tend to show that defendant stole the credit card here involved would be admissible under the above statute to show defendant's guilty knowledge. It is our considered opinion, however, that the evidence presented at defendant's trial to establish that fact was simply too remote and speculative to have been properly admitted as an act "of the defendant".

The prosecution sought to show that defendant *knowingly* retained or secreted this credit card without Mr. Holkan's consent by showing that defendant was the person who stole Mr. Holkan's wallet from his car. In order to establish this fact, the prosecution brought out the fact that a car of the same model and year, and possibly the same color, as that of defendant's, was parked at the truck-stop on the night the wallet was taken. This simply is not enough to allow the jury to draw the inference they were asked to draw. Indeed, this evidence was not even sufficient to allow the jury to infer that the car parked at the truck-stop

belonged to defendant. The arresting officer testified that the car defendant was driving on the night he was arrested was a 1966 Mercury, "red in color with Alabama plates". Mr. Holkan, however, was unable to testify as to the color of the plates on the car parked at the truck-stop or even as to whether the car had license plates on the front or not. Similarly, no distinguishing marks or characteristics of the car were testified to which would have permitted a person to conclude that the car in the lot was defendant's. Under these circumstances we hold that this evidence was erroneously admitted and that, under the circumstances of this case, the error constituted reversible error.

The main dispute in the case at bar centered around whether defendant knowingly retained or secreted the credit card without the owner's consent. While other evidence was presented, which, if believed, would have permitted the jury to find that defendant possessed the requisite guilty knowledge, the issue was so close and its resolution so dependent upon credibility that we find ourselves unable to say that the introduction of this evidence constituted harmless error.

Reversed and remanded for a new trial.