## PEOPLE v SHANNON

Docket No. 78-207. Submitted December 13, 1978, at Detroit.—Decided January 16, 1979.

Joseph E. Shannon was convicted of receiving and concealing stolen property valued over $100, arising from his possession of a stolen car, Recorders Court of Detroit, Patricia J. Boyle, J. The defendant appeals alleging that it was reversible error for the trial court to instruct the jury on the fact that the defendant's alibi witness was present but that the defendant had decided not to call the witness and to allow the prosecutor to refer, during closing argument, to the nonproduction of the alibi witness. *Held:*

1. It was reversible error for either the trial court or the prosecutor to inform the jury of the defendant's failure to call the alibi witness where the defendant filed a notice of alibi but did not testify or offer any other proof.

2. The prosecutor's allusions to items found in the car in question as stolen items was improper since no testimony was presented to show that the items were in fact stolen.

Reversed and remanded.

1. Witnesses — Criminal Law — Alibi Witnesses — Nonproduction of Witnesses — Jury.

Informing a jury of a defendant's failure to produce an alibi witness where the defendant had previously given notice of an

References for Points in Headnotes

[1] 75 Am Jur 2d, Trial §§ 736, 771.

[2] 29 Am Jur 2d, Evidence § 148.

[3, 4] 29 Am Jur 2d, Evidence §§ 157, 440.

Validity and construction of statute requiring defendant in criminal case to disclose matter as to alibi defense. 45 ALR3d 958.

[4] 75 Am Jur 2d, Trial §§ 193, 194, 736, 771.

Prejudicial effect of argument or remark that adversary was attempting to suppress facts. 29 ALR2d 996.

[5] 29 Am Jur 2d, Evidence § 708.

75 Am Jur 2d, Trial §§ 193, 194.

Prejudicial effect of argument or remark that adversary was attempting to suppress facts. 29 ALR2d 996.

alibi defense unduly denigrates the defendant's case when he later chooses to present no evidence.

2. Constitutional Law — Criminal Law — Right to Remain Silent — Failure to Testify — Presumption of Innocence — Statutes.

A criminal defendant's failure to testify may not be commented upon by the court or the prosecutor; a defendant is under no duty to take the stand or proffer evidence, but rather may remain silent protected by the presumption of innocence (MCL 600.2159; MSA 27A.2159).

3. Evidence — Alibi — Notice — Inadmissibility of Evidence — Federal Rules of Criminal Procedure.

The Federal Rules of Criminal Procedure provide that evidence of an intention to rely upon an alibi defense, later withdrawn, or of statements made in connection with such intention, is not admissible in any civil or criminal proceeding against the person who gave notice of the intention (FR Crim P 12.1[f]).

4. Witnesses — Criminal Law — Alibi Witnesses — Nonproduction of Witnesses — Prosecutor's Comments.

Comment by a prosecutor on the nonproduction of an alibi witness, where a defendant produces no testimony to support an alibi after giving notice of an alibi defense, improperly shifts the burden of proof to the defendant.

5. Criminal Law — Evidence — Res Gestae — Inferences — Prosecutor's Comments.

Normally the facts and circumstances surrounding the commission of a crime are properly admissible as part of the res gestae; however, use of any evidence by a prosecutor is improper where it is used to create prejudicial inferences through the prosecutor's own comments and where the inferences are unsupported by the evidence.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward R. Wilson,* Principal Attorney, Appeals, and *Brian Marzec,* Assistant Prosecuting Attorney, for the people.

*Ostrowski, Wilson, Belanger & Boman, P.C.,* for defendant on appeal.

Before: Danhof, C.J., and R. M. Maher and D. C. Riley, JJ.

D. C. Riley, J. We address a question of first impression in this state: whether, in a trial where defendant did not testify or offer any proof, the trial court committed reversible error by instructing the jury that the witness listed in defendant's notice of alibi was present but defendant did not call him, and by allowing the prosecutor to comment on same.

Defendant Joseph Shannon was convicted by a jury on September 30, 1977, of receiving and concealing stolen property valued over $100, MCL 750.535; MSA 28.803, and was sentenced to a term of 40 to 60 months imprisonment. The evidence at trial showed that complainant's automobile was taken from the front of his house on August 5, 1977, at approximately 1:20 a.m. Police officers Carroll and Prince arrived at the complainant's house and made a police report. As they were returning to the station, they observed an automobile with its headlights off. A view of the license number revealed it to be the complainant's stolen auto. The officers pursued the car for about a block before it stopped, at which time they saw two individuals exit. A chase proved futile; however, Officer Prince later observed the driver of the vehicle walking down the street and apprehended him. The officer identified him at trial as the defendant. A search of the vehicle disclosed five new tires, three packages of bedsheets, an eight-track tape deck, a movie projector and a box of slides. The complainant testified that none of these items belonged to him.

Defendant filed a notice of alibi pursuant to MCL 768.20; MSA 28.1043. During the trial, the

proceedings were delayed while the alibi witness was brought from Jackson prison. However, after talking to the witness, defendant's trial counsel decided not to call him. Further, the defendant himself did not testify.

The prosecutor asked the trial court to instruct the jury that defendant had filed a notice of alibi and the alibi witness was present, but the defendant had decided not to call him to testify. Defendant objected, but the trial court ruled that a police officer could testify that the alibi witness was present.

Consequently, the police officer was not called to the stand as defense counsel, faced with the officer's testimony, instead agreed to the trial court's instruction to the jury on the alibi witness's whereabouts. The trial court informed the jury as follows:

"THE COURT: Ladies and gentlemen, before we proceed or before I proceed to make a few remarks, I want to apologize to you again for the delay.

"As you know, we were waiting for the arrival of a witness. You are instructed that the witness, Norman Avery, the witness listed in the Notice of Alibi filed by the defense in this matter has arrived and is available, but the defense has decided not to call the witness."

The prosecutor further referred to the nonproduction of the alibi witness in his closing argument:

"Let me leave you with this observation, ladies and gentlemen. All the testimony of the People's witnesses, Mr. McBain, Police Officer Prince and Carroll and Sergeant Friedman, all that testimony was uncontroverted. It was unchallenged by the Defendant's alibi witness. The same witness we waited a day for, the same witness who finally arrived and was available to

testify, the same witness whom the defense chose not to call."

Defendant maintains on appeal that these comments, by impermissibly shifting the burden of proof to the defendant, were so prejudicial as to remove from him the benefits of a fair trial. We agree and reverse.

The prosecution principally contends[1] that the court committed no error in taking notice of defendant's alibi pleading as such pleadings may be introduced into evidence as part of the "public records" exception to the hearsay rule. MCL 600.2107; MSA 27A.2107. Therefore, it reasons, informing the jury of defendant's notice of alibi and subsequent failure to call a witness was not erroneous because this information could already have been introduced at trial. Assuming, *arguendo,* the validity of this contention, it would only permit the lower court's action to survive an attack based upon hearsay and does not reach the issue of whether defendant is unfairly prejudiced by such practice. There are numerous motions, pleadings and briefs in a court file that may be public record, but would not be admissible at trial because of their prejudicial impact.[2]

---

[1] Reference to the transcript reveals the prosecution's initial contentions worthy of only cursory discussion. They maintain that defendant's trial counsel agreed to the court's jury instruction. However, an examination of the record indicates that defense counsel strongly objected to any reference to alibi in front of the jury, and agreed to the instruction only when faced with a more undesirable alternative. It is further alleged that defendant's attorney raised an alibi defense in his opening statement. Counsel never mentioned the word alibi and stated that defendant would testify that "he did not know about any automobile". Nor was it ever mentioned that another witness would be called to testify.

[2] For example, motions to suppress illegally obtained evidence or to limit the permissible scope of impeachment, although part of the court record, are never admissible at trial because of their prejudicial nature.

Informing the jury of defendant's failure to produce an alibi witness where he had previously given notice unduly denigrates defendant's case when he later chooses to present no evidence. At issue is the jury's ability to draw an impermissible inference of guilt from defendant's decision not to call an alibi witness and its relation to his involvement in the charged crime. A jury is left with the impression that by defendant's unsuccessful attempt to follow through with his alibi, guilt is rendered more presumable and apparent.

But the failure to produce an alibi witness is not necessarily inconsistent with a defendant's innocence. A witness may be withheld for a myriad of reasons, tactical or otherwise, such as a prior criminal record, or because of his susceptibility to cross-examination on collateral issues. Moreover, an alibi witness may suddenly refuse to testify, or change his testimony, which appears to have been a possibility in this case. For the same reasons it may be tactically unwise for the defendant to offer explanation to the jury of his reasons for not producing the witness.

It is axiomatic that defendant's failure to testify may not be commented upon by court or prosecutor. MCL 600.2159; MSA 27A.2159, *People v Hider,* 12 Mich App 526, 529-530; 163 NW2d 273 (1968), *People v Jordan,* 7 Mich App 28, 30; 151 NW2d 242 (1967). Defendant is under no duty is take the stand or proffer evidence, but rather may remain silent protected by the presumption of innocence. This continuing presumption of innocence serves as the basis for the requirement that the state has a never-shifting burden to prove guilt beyond a reasonable doubt. The lower court's instruction to the jury in effect restricted this presumption by allowing the jury to make adverse inferences from

the alibi witness's failure to testify. If no adverse inference can be drawn from defendant's election, we see no reason to permit it in cases where he further elects not to better defend himself, here, through an alibi witness.[3]

Further, there is no useful purpose served by informing the jury of defendant's original intention to produce an alibi and his subsequent decision not to call a supporting witness. The notice of alibi requirement was provided for the benefit and protection of the public. *People v Merritt,* 396 Mich 67, 77; 238 NW2d 31 (1976), *People v Mc-Fadden,* 347 Mich 357, 363; 79 NW2d 869 (1956). Its purpose is to enable the prosecution to investigate the merits of such a defense prior to trial, *Merritt, supra,* and not to alert the jury of the defendant's proposed defense.

Finally, we note that recent amendments to the Federal Rules of Criminal Procedure have made reference to a defendant's notice of alibi inadmissible. FR Crim P 12.1 requires notice of alibi similar to Michigan's statute. In addition, Rule 12.1(f) provides as follows:

"(f) Inadmissibility of Withdrawn Alibi. Evidence of an intention to rely upon an alibi defense, later withdrawn, or of statements made in connection with such intention, is not admissible in any civil or criminal proceeding against the person who gave notice of the intention."

In sum, we conclude that the lower court's in-

---

[3] We do not believe the fact that defendant originally gave notice of his alibi compels a different result. Such notice, required to be given at least 10 days prior to trial, is mandated by statute and therefore leaves defendant little choice but to serve notice even though the merits of such a posture might not have been fully explored. For the reasons cited in the text, we believe it unduly prejudicial to penalize defendant for subsequent changes perhaps entirely outside of his control.

struction in the present case constituted reversible error. For the reasons cited above, we reach a similar holding concerning the prosecutor's remarks during final argument.

In doing so we carefully distinguish cases allowing comment upon a defendant's failure to produce a corroborating witness. See, *e.g., People v Hunter,* 218 Mich 525, 528-529; 188 NW 346 (1922), *People v Ford,* 59 Mich App 35, 39; 228 NW2d 533 (1975), *People v Hooper,* 50 Mich App 186, 197; 212 NW2d 786 (1973), *lv den,* 391 Mich 808 (1974), *People v Gant,* 48 Mich App 5, 8-9; 209 NW2d 874 (1973), *People v Fuller,* 44 Mich App 297, 299; 205 NW2d 287 (1973), *aff'd,* 395 Mich 451; 236 NW2d 58 (1975), *People v Falkner,* 36 Mich App 101, 109; 193 NW2d 178 (1971), *rev'd on other grounds,* 389 Mich 682; 209 NW2d 193 (1973). In those decisions the defendant himself testified or produced witnesses on his behalf. In the case at bar defendant never took the stand nor offered any other evidence. Where a defendant testifies to an alibi and calls no additional witnesses to support it, the prosecution, by commenting on the nonproduction of corroborating alibi witnesses, is merely pointing out the weakness in defendant's case. When, however, the defendant produces no testimony to support an alibi, the prosecutor, by commenting on the nonproduction of alibi witnesses, is not exposing a weakness in defendant's case, but is rather improperly shifting the burden of proof to the defendant.

Since the issue may arise in another proceeding, we briefly address defendant's remaining allegation of error. At trial the prosecutor introduced testimony concerning the items found in complainant's vehicle. Defense counsel objected, and in response the prosecutor argued before the court and jury as follows:

"Your Honor, that's true that the Defendant is not being charged with any crime with regard to these articles. However, since one of the elements of this offense is knowledge that the car is stolen, I believe and I believe that's where the materiality of this line of questioning lies, that the fact that there were a lot of objects in that car *which were very probably stolen articles,* I believe that that is material as to the knowledge of the Defendant I would ask to be allowed to continue." (Emphasis supplied.)

The trial judge then ruled the testimony admissible as part of the "res". Further, in his closing argument the prosecution again alluded to the stolen nature of the objects as they reflected upon defendant's guilty knowledge.

Normally the facts and circumstances surrounding the commission of a crime are properly admissible as part of the res gestae. *People v Mayes,* 78 Mich App 618, 623; 261 NW2d 22 (1977), *People v McPherson,* 38 Mich App 534, 543; 197 NW2d 173 (1972), *lv den,* 391 Mich 771 (1974), *cert den,* 417 US 972; 94 S Ct 3179; 41 L Ed 2d 1143 (1974). In the present case, however, the innuendo created by the prosecutor was that the items were stolen and therefore defendant must have known the car itself was stolen. This was highly prejudicial, since the inference attempted by the prosecutor through his own comments in the presence of the jury was unsupported by the evidence. No proof was tendered establishing that the objects in the vehicle were the result of theft. The owner of the automobile testified the articles were not his, but the real owner was never called to verify their "stolen" character. Nor was any evidence presented indicating the items were not defendant's or that he was in possession without consent of the owner. With-

out more, use of the evidence by the prosecutor in this manner was improper. See *People v Campbell,* 61 Mich App 600; 233 NW2d 103 (1975).

Reversed and remanded for a new trial.