PEOPLE v BOMMARITO

Docket No. 54449. Submitted June 18, 1981, at Lansing.—Decided October 7, 1981.

John Bommarito was charged with burning and conspiracy to burn a dwelling house in the Oakland Circuit Court. During his opening statement, the prosecutor made innocent comments on the defendant's right to remain silent and not present any evidence or witnesses. The court, William J. Beer, J., granted defendant's motion for a mistrial. When the judge indicated an intention to impanel another jury, defendant moved to dismiss the charges on the basis of double jeopardy. The court granted the motion and dismissed the charges. The people appeal. *Held:*

A defendant who moves for or consents to a declaration of a mistrial will ordinarily be deemed to have waived any claim of double jeopardy barring subsequent retrial. The important consideration for purposes of the double jeopardy provision when a defendant's motion for mistrial is occasioned by judicial, and presumably prosecutorial, error is whether the defendant retained primary control over the course to be followed. Further, prosecution of a defendant following a mistrial on account of prosecutorial error is barred only where the error was motivated by bad faith or undertaken to harass or prejudice the defendant. Reprosecution is not barred.

Reversed and remanded.

1. CRIMINAL LAW — PROSECUTORIAL COMMENT — RIGHT TO REMAIN SILENT.

Comment by a prosecutor upon a defendant's right to remain silent, his failure to take the stand or his failure to call witnesses on his behalf is error; whether the prosecutor's

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error § 772.

21 Am Jur 2d, Criminal Law § 291.

75 Am Jur 2d, Trial §§ 237, 245.

[2, 3] 21 Am Jur 2d, Criminal Law § 286.

76 Am Jur 2d, Trial § 1089.

Double jeopardy as bar to retrial after grant of defendant's motion for mistrial. 98 ALR3d 997.

comments in a case amounted to error so grievous that it necessitates a mistrial is a question trusted to the sound discretion of the trial judge whose decision in the matter will not be reversed absent a clear abuse of discretion.

2. CRIMINAL LAW — MISTRIAL — DOUBLE JEOPARDY — WAIVER.

A defendant who moves for or consents to a declaration of a mistrial will ordinarily be deemed to have waived any claim of double jeopardy barring subsequent retrial; the important consideration for purposes of the double jeopardy provision when a defendant's motion for mistrial is occasioned by judicial, and presumably prosecutorial, error is whether the defendant retained primary control over the course to be followed.

3. CRIMINAL LAW — MISTRIAL — DOUBLE JEOPARDY.

Reprosecution of a defendant following a mistrial on account of prosecutorial error is barred only where the error was motivated by bad faith or undertaken to harass or prejudice the defendant.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief Appellate Counsel, and *Geoffrey H. Nickol,* Assistant Prosecuting Attorney, for the people.

*James K. O'Malley,* for defendant.

Before: T. M. BURNS, P.J., and D. E. HOLBROOK, JR., and K. B. GLASER,* JJ.

T. M. BURNS, P.J. Defendant was charged with conspiracy to burn a dwelling house, MCL 750.157a; MSA 28.354(1) and MCL 750.72; MSA 28.267, and burning of a dwelling house, MCL 705.72; MSA 28.267. Trial commenced on September 30, 1980, and after the jury had been selected the prosecutor began his opening statement. After informing the jury of the witnesses that he pro-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

posed to present and what he expected to prove, the prosecutor added:

"Now going back to some procedural matters. After the people rest, the defendant will be given an opportunity to present their defense. I can't really tell you what will happen at the conclusion of the presentation of their defense, because I don't know.

"The people of the State of Michigan are required at the time of the filing of the information, which is the filing of the charges in circuit court against the defendant, to name all of the witnesses they intend to call, to list them; any changes, any additions or deletions to that list have to be by court order, with knowledge of the defendant.

"The defendant, however, is not required to indicate what witnesses he intends to call, and has not done so, so at this point in time I have no idea who the defense witnesses may be or what their theory of the case is.

"Accordingly, it may be necessary that I produce rebuttal witnesses, if it is appropriate after hearing the defense, which would come at the conclusion of the defense's presentation.

"Mr. Bommarito's counsel, Mr. O'Malley, will be given the same opportunity as I am having right now to address you directly regarding the defense' [sic] theory, which he may do next, or he may postpone it until the people rest their case.

"After the conclusion of the presentation of evidence, my case, the defense, and possibly rebuttal, Mr. O'Malley and I will again be allowed to address you directly as I am doing now in what is known as closing argument."

Defendant moved for a mistrial immediately upon the conclusion of the prosecutor's opening statement. Defendant argued that he had a constitutional right to remain silent and not to present any evidence or witnesses whatsoever. He further pointed out that the prosecutor was prohibited

from commenting on his silence or his failure to present witnesses on his behalf.

The trial judge granted defendant's motion for a mistrial even though he found that the prosecutor did not have "any dire purpose in making the remarks that he did". When the judge further indicated his intention of selecting another jury, defendant moved to dismiss the charges on the ground that double jeopardy would prohibit the impanelling of a second jury. After reflecting upon defendant's argument, the trial judge agreed and dismissed the charges. The prosecutor now appeals and we reverse.

Comment by a prosecutor upon a defendant's right to remain silent, his failure to take the stand or his failure to call witnesses on his behalf is error. *People v Shannon,* 88 Mich App 138; 276 NW2d 546 (1979). Whether the prosecutor's comments in the case before us amounted to error so grievous that it necessitated a mistrial is a question trusted to the sound discretion of the trial judge whose decision in the matter will not be reversed absent a clear abuse of discretion. *People v Duncan,* 96 Mich App 614; 293 NW2d 648 (1980).

A defendant who moves for or consents to a declaration of a mistrial will ordinarily be deemed to have waived any claim of double jeopardy barring subsequent retrial. *People v Benton,* 402 Mich 47, 54; 260 NW2d 77 (1977). Citing the case of *United States v Dinitz,* 424 US 600, 607-609; 96 S Ct 1075; 47 L Ed 2d 267 (1976), the Court in *Benton* stated that the important consideration for purposes of the double jeopardy provision when a defendant's motion for mistrial is occasioned by judicial, and presumably prosecutorial, error, is whether the defendant "retained primary control over the course to be followed".

As the Court so found in *Benton,* we believe that the prosecutorial error complained of in this case was not of such a magnitude that the granting of a mistrial was "a manifest necessity". That is, it is unlikely that that error would have prompted the reversal of defendant's conviction on appeal had his first trial continued to a conclusion of guilt. We believe that a properly framed instruction to the jury, as was requested by the prosecutor, would have obviated the slight error and prejudice that defendant may have suffered from the prosecutor's opening statement. However, because defendant did "retain primary control over the course to be followed", it follows that the Double Jeopardy Clause does not bar the prosecution of defendant in this case.

Alternatively, we note that reprosecution of a defendant following a mistrial on account of prosecutorial error is barred only where the error was motivated by bad faith or undertaken to harass or prejudice the defendant. *United States v Dinitz, supra.* When granting defendant's motion for a mistrial in this case, the trial judge noted that the prosecutor had "no dire purpose" in making the objected-to statement in his opening argument. We agree and are convinced that the purported error was not motivated by bad faith or undertaken to harass or prejudice the defendant. Therefore, for this reason also, double jeopardy would not preclude reprosecution of defendant in this case.

Reversed. Remanded for trial.