# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

ERIK FRANK TRUDEAU,

        Defendant-Appellant.

UNPUBLISHED
February 10, 2015

No. 317879
Wayne Circuit Court
LC No. 12-009707-FC

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellant,

v

ERIK FRANK TRUDEAU,

        Defendant-Appellee.

No. 322028
Wayne Circuit Court
LC No. 12-009707-FC

Before:  JANSEN, P.J., and TALBOT and SERVITTO, JJ.

PER CURIAM.

A jury convicted defendant of two counts of first-degree criminal sexual conduct (CSC-I), MCL 750.520b(1)(b)(*ii*) (sexual penetration with a victim at least 13 years of age but less than 16 years of age who is related to defendant), and three counts of second-degree criminal sexual conduct (CSC-II), MCL 750.520c(1)(b)(*ii*) (sexual contact with a victim at least 13 years of age but less than 16 years of age who is related to defendant).  Defendant was sentenced to concurrent prison terms of 51 months to 15 years for all five convictions.

In Docket No. 317879, defendant appeals his convictions and sentences as of right, arguing that (1) his defense counsel was ineffective for failing to consult with an expert in forensic psychology, object to improper prior bad acts evidence, present evidence regarding a trip defendant made to New York, and object to the prosecutor's impermissible burden shifting;

-1-

(2) the trial court erred by admitting improper prior bad acts evidence; and (3) the prosecution engaged in misconduct when it improperly shifted the burden at trial. After filing his claim of appeal, defendant filed a motion for a new trial and a *Ginther*[1] hearing in the trial court. After holding a *Ginther* hearing, the trial court granted defendant's motion for a new trial on the ground that defense counsel was ineffective for failing to admit into evidence defendant's work records showing that he was at work during one of the times the victim alleged that defendant sexually assaulted her. In Docket No. 322028, the prosecution appeals by leave granted[2] the trial court's grant of defendant's motion for a new trial. For the reasons stated hereinafter, we affirm in Docket No. 317879 and reverse in Docket No. 322028.

DOCKET NO. 317879

A. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant first argues that his trial counsel was constitutionally ineffective. We disagree. "Whether a person has been denied effective assistance of counsel is a mixed question of fact and constitutional law." *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002). The trial court's findings of fact are reviewed for clear error and the questions of constitutional law are reviewed de novo. *Id.*

The right to counsel during a criminal trial is guaranteed by both the United States and Michigan Constitutions. US Const, Am VI; Const 1963, art 1, § 20. This right is not merely to any assistance of counsel, but to effective assistance of counsel. *United States v Cronic*, 466 US 648, 654; 104 S Ct 2039; 80 L Ed 2d 657 (1984); *People v Vaughn*, 491 Mich 642, 669; 821 NW2d 288 (2012). This right is substantive in nature, focusing on the actual assistance received. *People v Pubrat*, 451 Mich 589, 596; 548 NW2d 595 (1996).

Effective assistance of counsel is presumed and the challenging defendant bears a heavy burden of proving otherwise. *People v Seals*, 285 Mich App 1, 17; 776 NW2d 314 (2009). In order to show ineffective assistance of counsel, a defendant must establish that (1) counsel's performance fell below an objective standard of reasonableness under prevailing professional norms, and (2) there is a reasonable probability that, but for counsel's errors, the results of the proceedings would be different. *Id.* This Court will not substitute its judgment for that of trial counsel on matters of strategy, nor will it employ the benefit of hindsight to assess the competence of counsel. *People v Payne*, 285 Mich App 181, 190; 774 NW2d 714 (2009).

Defense counsel has wide discretion regarding matters of trial strategy. *People v Heft*, 299 Mich App 69, 83; 829 NW2d 266 (2012). Counsel must consult with the defendant regarding important decisions, such as the general defense strategy, but not every tactical decision. *Florida v Nixon*, 543 US 175, 187; 125 S Ct 551; 160 L Ed 2d 565 (2004). Decisions

---

[1] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

[2] *People v Trudeau*, unpublished order of the Court of Appeals, entered June 26, 2014 (Docket No. 322028).

regarding what evidence to present, *People v Horn*, 279 Mich App 31, 39; 755 NW2d 212 (2008), and whether to call or question witnesses, *People v Russell*, 297 Mich App 707, 716; 825 NW2d 623 (2012), are presumed to be matters of trial strategy. Further, declining to raise objections to procedures, evidence, or argument can be sound trial strategy. *People v Unger*, 278 Mich App 210, 242, 253; 749 NW2d 272 (2008).

Defendant first contends that trial counsel was ineffective for failing to call to the stand an expert in forensic psychology and forensic interviewing. "[F]ailure to call a particular witness at trial is presumed to be a matter of trial strategy, and an appellate court does not substitute its judgment for that of counsel in matters of trial strategy." *Seals*, 285 Mich App at 21. "[T]he failure to call a witness can constitute ineffective assistance of counsel only when it 'deprives the defendant of a substantial defense.'" *Payne*, 285 Mich App at 190 (citation omitted). "'A substantial defense is one that might have made a difference in the outcome of the trial.'" *People v Chapo*, 283 Mich App 360, 371; 770 NW2d 68 (2009) (citation omitted). To assert that trial counsel was ineffective for failing to call an expert witness, a defendant must offer proof that the expert witness would have testified favorably if called by the defense. *People v Ackerman*, 257 Mich App 434, 455; 669 NW2d 818 (2003).

At the *Ginther* hearing following defendant's conviction, Dr. Katherine Okla, a certified expert in forensic psychology and forensic interviewing techniques, testified that, if called at trial, she would have testified that there were numerous issues with the victim's questioning that led her to believe the victim may have fabricated the allegations or been pressured by her family to tell the police that defendant assaulted her. These included the facts that the victim's guardian told her, "you better think long and hard, you have lied before," the victim used the word "story" to describe the events, and the victim was subjected to repeated questioning. Therefore, defendant met his burden of proving that Dr. Okla would have testified favorably if called at trial. *Id*. However, defendant has not overcome the presumption that trial counsel's decision not to consult with or call a forensic psychologist at trial was a matter of reasonable trial strategy. The victim testified in open court about defendant's sexual abuse. The content of any forensic interviews was not admitted into evidence, nor did prosecution experts testify at length about forensic interviewing. Unlike the situation presented in the unpublished case upon which defendant substantially relies,[3] the prosecution in this case did not make the "forceful argument" that the victim could not have been coached because she underwent the forensic interview process. Further, reference to forensic interviewing was not used bolster to the credibility of the victim in the instant case. Instead, forensic interviewing does not even appear to have been mentioned at trial. Defendant has presented no evidence that trial counsel was ineffective for failing to consult with Dr. Okla before trial. At the *Ginther* hearing, trial counsel testified that he was well-versed in forensic interviewing techniques and was able to recall and adequately define many of the major components of the science underlying the field. Therefore, trial counsel was not ineffective for deciding not to call or consult with a forensic interviewing expert.

---

[3] Unpublished cases are not binding on this Court. MCR 7.215(C)(1).

Defendant next contends that trial counsel was ineffective for failing to object to the prosecution's line of questioning regarding the trip defendant took to New York, accompanied by the victim, as improper prior bad acts evidence. Again, we note that declining to raise objections to evidence can be sound trial strategy. *Unger*, 278 Mich App at 242, 253. However, at trial, defendant did object to the prosecutor's line of questioning, albeit on relevancy grounds. Further, as will be discussed more fully in Section I(B), *infra*, the evidence was admitted for a proper purpose as an exception to the general bar against character evidence. See MRE 404(b)(1). Finally, defendant cannot prove any prejudice arising from the prosecution's questioning of Amanda Trudeau, defendant's wife, regarding the New York trip because Amanda's testimony clearly supported her position that defendant never had an opportunity to sexually assault the victim, as the two were never alone. Amanda's testimony actually supported defendant at trial, and therefore, defendant has not shown any prejudice arising out of the prosecution's questions.

Third, defendant contends that trial counsel was ineffective for failing to present additional evidence regarding the New York trip. Decisions regarding what evidence to present are presumed to be matters of trial strategy. *Horn*, 279 Mich App at 39. Further, failure to present other evidence or call other witnesses can constitute ineffective assistance of counsel only when it deprives a defendant of a substantial defense. *Payne*, 285 Mich App at 190. At the *Ginther* hearing, defendant's cousin, Ashley Roe, testified that, had she been called to testify at trial, she would have testified that defendant and the victim were never alone or without supervision during the New York trip because she also went on the trip and the two were never out of her view. However, this additional testimony would have been cumulative to Amanda's testimony at trial, in which she stated that defendant and the victim were not alone on the trip because defendant's cousin accompanied them. Therefore, defendant has not met his burden of proving that trial counsel's conduct fell below an objective standard of reasonableness.

Finally, defendant contends that trial counsel was ineffective for failing to object to the prosecution's improper burden shifting, when the prosecutor asked defendant's work supervisor, Anil Gosine, whether defendant ever requested that he bring defendant's work and attendance records to trial. As will be more fully discussed in Section I(C), *infra*, the prosecutor's question was not improper because a "prosecutor may comment on the weakness of defendant's alibi." *People v Fields*, 450 Mich 94, 115; 538 NW2d 356 (1995). Once defendant proffered his theory that he was at work at the time the victim claimed they engaged in sexual contact, the prosecutor could properly question Gosine regarding defendant's failure to support his alibi theory. *Id*. The question was proper and trial counsel was not required to argue a meritless position. *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010).

### B. MRE 404(b)

Defendant next contends that the trial court erred by allowing the prosecution to present evidence regarding the trip to New York that defendant took with the victim. We disagree.

"To preserve an evidentiary issue for review, a party opposing the admission of evidence must object at trial and specify the same ground for objection that it asserts on appeal." *People v Aldrich*, 246 Mich App 101, 113; 631 NW2d 67 (2001), citing MRE 103(a)(1). At trial, defendant objected to the prosecutor's cross-examination of Amanda regarding the New York

trip. However, defendant objected on relevancy grounds, and did not argue that the questioning violated MRE 404(b). Therefore, because defendant did not "specify the same ground for objection that it asserts on appeal," *Aldrich*, 246 Mich App at 113, this issue is unpreserved.

In general, we review the trial court's decision to admit evidence for an abuse of discretion. *People v Burns*, 494 Mich 104, 110; 832 NW2d 738 (2013). However, preliminary questions of law regarding whether a statute or evidentiary rule applies are reviewed de novo. *People v Benton*, 294 Mich App 191, 195; 817 NW2d 599 (2011). Because this evidentiary issue is unpreserved, this Court's review is for plain error. *People v Douglas*, 296 Mich App 186, 191; 817 NW2d 640 (2012), rev'd in part on other grounds 496 Mich 557 (2014). When considering an unpreserved error, a reviewing court will reverse "only when the defendant is actually innocent or the error seriously affected the fairness, integrity, or public reputation of judicial proceedings." *People v Carines*, 460 Mich 750, 774; 597 NW2d 130 (1999).

Generally, all relevant evidence is admissible except as otherwise provided by either the state or federal constitutions or by the rules of evidence. MRE 402; *People v Yost*, 278 Mich App 341, 355; 749 NW2d 753 (2008). Evidence is considered relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." MRE 401. Even if evidence is relevant, it "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice . . . ." MRE 403; see also *Yost*, 278 Mich App at 407.

Generally, "[e]vidence of a person's character or a trait of character is not admissible for the purposes of proving action in conformity therewith." MRE 404(a). MRE 404(b)(1) governs the admission of evidence of bad acts, and provides in pertinent part:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, scheme, plan, or system in doing an act, knowledge, identity, or absence of mistake or accident when the same is material, whether such other crimes, wrongs, or acts are contemporaneous with, or prior or subsequent to the conduct at issue in the case.

To be admissible under MRE 404(b), bad acts evidence (1) must be offered for a proper purpose, i.e., "something other than a character or propensity theory," (2) must be relevant, and (3) must not have a probative value substantially outweighed by its potential for unfair prejudice. *People v Knox*, 469 Mich 502, 509; 674 NW2d 366 (2004). When the prosecution intends to introduce other acts evidence, the prosecution is required to provide notice before trial, or during trial if the court dismisses the pretrial requirement for good cause. MRE 404(b)(2).

Defendant asserts that the evidence of his New York trip, on which he was accompanied by the victim, was inadmissible as prior bad acts evidence that did not meet any exception to the rule. However, at trial, defense counsel called Amanda to the witness stand. Amanda testified that defendant was never alone with the victim outside her presence and that defendant never engaged in sexual acts with the victim. Essentially, Amanda's testimony was that she always knew when defendant and the victim were together, and therefore, defendant never had any

opportunity to engage in a sexual relationship with the victim. Once evidence supporting defendant's lack of opportunity was presented, the prosecution had the right to refute that testimony and present evidence showing defendant's opportunity to commit the charged crimes, consistent with the rules of evidence. MRE 404(b)(1) (stating that "[e]vidence of other crimes, wrongs, or acts . . . . may, however, be admissible for other purposes, such as proof of . . . opportunity"). Amanda's testimony, in which she was adamant that defendant was never around the victim without her supervision, could properly be impeached by the prosecutor's question. *Id*. Because the prosecutor's questions were proper to establish defendant's opportunity to commit the charged offenses and to impeach Amanda's testimony to the contrary, defendant is unable to show any plain error.

Next, defendant contends that the trial court erred by admitting evidence regarding his New York trip because the prosecution failed to give the required notice of its intent to admit prior bad acts evidence pursuant to MRE 404(b)(2). This subrule provides in pertinent part:

> The prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial and the rationale, whether or not mentioned in subparagraph (b)(1), for admitting the evidence. [MRE 404(b)(2).]

Though defendant now claims that he was given inadequate notice of the prosecution's intent to admit the evidence, both defendant and Amanda testified at the *Ginther* hearing that they had previously noticed mention of the New York trip in the discovery packet given to defense counsel by the prosecution. Because they saw the evidence, they were able to bring it to trial counsel's attention and discuss it before trial. Even assuming that the prosecution failed to give timely notice of its intent to introduce this evidence, defendant is unable to establish any prejudice arising therefrom because he explicitly stated that he was able to advise trial counsel about the evidence. "[T]he harmless error standard requires us to consider the effect plain error has on a proceeding. Because [defendant] has never suggested how he would have reacted differently to this evidence had the prosecutor given notice, we have no way to conclude that this lack of notice had any effect whatsoever." *People v Hawkins*, 245 Mich App 439, 455; 628 NW2d 105 (2001).

## C. PROSECUTORIAL MISCONDUCT

Defendant next argues that the prosecutor committed misconduct by improperly shifting the burden of proof to the defense. We disagree.

A claim of prosecutorial misconduct generally must be met with a contemporaneous objection or a request for a curative instruction at trial. *People v Bennett*, 290 Mich App 465, 475; 802 NW2d 627 (2010). Defendant never objected to the alleged prosecutorial misconduct. Further, defendant never requested any curative instructions at trial. Therefore, this issue is unpreserved for appeal.

To the extent that a claim of prosecutorial misconduct is a constitutional issue, it is reviewed de novo, but a trial court's factual findings are reviewed for clear error. *People v*

*Brown*, 279 Mich App 116, 134; 755 NW2d 664 (2008). Review of an unpreserved claim of prosecutorial misconduct is precluded unless an objection could not have cured the error or failure to grant review of the issue would result in a miscarriage of justice. *Unger*, 278 Mich App at 234-235. When there was no contemporaneous objection and request for a curative instruction, appellate review of claims of prosecutorial misconduct is limited to ascertaining whether there was plain error affecting substantial rights, based on the record below. *Brown*, 279 Mich App at 134. Reversal is warranted only when plain error resulted in the conviction of an innocent person, or seriously affected the fairness, integrity, or public reputation of the proceedings. *Unger*, 278 Mich App at 235.

The role and responsibility of a prosecutor is to seek justice and not merely to convict. *People v Dobek*, 274 Mich App 58, 63; 732 NW2d 546 (2007). "[T]he test for prosecutorial misconduct is whether a defendant was denied a fair and impartial trial." *Id*. Prosecutorial misconduct issues are decided on a case-by-case basis, and the reviewing court must examine the record and evaluate a prosecutor's remarks in context. *People v Mann*, 288 Mich App 114, 119; 792 NW2d 53 (2010). Prosecutorial comments must be read as a whole and evaluated in the light of defense arguments and the relationship they bear to the evidence admitted at trial. *Brown*, 279 Mich App at 135.

A prosecutor may not comment on the defendant's failure to present evidence because it is an attempt to shift the burden of proof. *People v Fyda*, 288 Mich App 446, 463-464; 793 NW2d 712 (2010). However, "the prosecutor may comment on the weakness of defendant's alibi," and this does not shift the burden of proof. *Fields*, 450 Mich at 115. At trial, defendant offered the testimony of his supervisor, Gosine, to establish that he could not have "checked in" to work from a remote laptop and must have been present at his employer's facilities to log into the internal computer system. This testimony was intended to refute the victim's contention that, on June 25, 2012, defendant told her that he was checking in to work remotely on his laptop, or that he "got dressed and ran around saying that he slept in [and was] late for work," in order to hide their sexual encounter from Amanda. On cross-examination, the following exchange occurred between the prosecution and Gosine:

> *THE PROSECUTOR*: Okay. And did [defendant] ask you to pull his employee records back from June of 2012 to be here today?
>
> *GOSINE*: No.

As our Supreme Court held in *Fields*, "when a defendant advances an alternate theory or alibi, 'the prosecution, by commenting on the nonproduction of corroborating [evidence], is merely pointing out the weakness in defendant's case' and not 'improperly shifting the burden of proof to the defendant.'" *Id*. at 112, quoting *People v Shannon*, 88 Mich App 138, 145; 276 NW2d 546 (1979). The prosecutor's question did not impermissibly shift the burden of proof to defendant.

Further, even if the prosecutor's question had improperly shifted the burden of proof to defendant, any such error was extinguished by the jury instructions. At the conclusion of trial and the parties' closing arguments, the trial court provided the following instructions to the jury:

A person accused of a crime is presumed to be innocent. This means that you must start with the presumption that the defendant is innocent. This presumption continues throughout the trial and entitles the defendant to a verdict of not guilty unless you are satisfied beyond a reasonable doubt that he is guilty.

Every crime is made up [of] parts called elements. The prosecutor must prove each element of the crime beyond a reasonable doubt. The defendant is not required to prove his innocence or to do anything. If you find that the prosecutor has not proven every element beyond a reasonable doubt, then you must find the defendant not guilty.

"It is well established that jurors are presumed to follow their instructions." *People v Graves*, 458 Mich 476, 486; 581 NW2d 229 (1998). Because the jury was properly instructed that the burden of proof remained with the prosecution throughout the entirety of trial, defendant has failed to show plain error affecting his substantial rights.

## II. DOCKET NO. 322028

In Docket No. 322028, the prosecution argues that the trial court abused its discretion by granting defendant's motion for new trial because defendant failed to show that he suffered the requisite prejudice to establish a claim of ineffective assistance of counsel. We agree.

In a criminal case, the trial court may grant a new trial on the ground of ineffective assistance of counsel. MCR 6.431(B); see also MCL 770.1. "This Court reviews a trial court's decision to grant or deny a motion for new trial for an abuse of discretion." *People v Cress*, 468 Mich 678, 691; 664 NW2d 174 (2003). An abuse of discretion occurs when the trial court chooses an outcome that falls outside the range of principled outcomes. *People v Miller*, 482 Mich 540, 544; 759 NW2d 850 (2008). A court abuses its discretion when it makes an error of law. *People v Waterstone*, 296 Mich App 121, 132; 818 NW2d 432 (2012).

As noted previously, effective assistance of counsel is presumed and the challenging defendant bears a heavy burden of proving otherwise. *Seals*, 285 Mich App at 17. In order to show ineffective assistance of counsel, a defendant must establish that (1) counsel's performance fell below an objective standard of reasonableness under prevailing professional norms, and (2) there is a reasonable probability that, but for counsel's errors, the results of the proceedings would be different. *Id*. This Court will not substitute its judgment for that of trial counsel on matters of strategy, nor will it employ the benefit of hindsight to assess the competence of counsel. *Payne*, 285 Mich App at 190. Defense counsel has wide discretion regarding matters of trial strategy. *Heft*, 299 Mich App at 83. Counsel must consult with the defendant regarding important decisions, such as the general defense strategy, but not every tactical decision. *Nixon*, 543 US at 187.

As a preliminary matter, the prosecution contends that, because recent United States Supreme Court pronouncements on a defendant's right to the effective assistance of counsel are relevant to this state's jurisprudence, this Court should adopt the United States Supreme Court's recent standard for establishing prejudice as stated in *Harrington v Richter*, 562 US 86, ___; 131 S Ct 770, 787-788; 178 L Ed 2d 624 (2011):

With respect to prejudice, a challenger must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." It is not enough "to show that the errors had some conceivable effect on the outcome of the proceeding." Counsel's errors must be "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." [Citations omitted.]

Despite the prosecution's contention, however, it is clear that *Harrington* does not announce any new standard for prejudice, but merely restates the standard of *Strickland v Washington*, 466 US 668; 104 S Ct 2052; 80 L Ed 2d 674 (1984). Therefore, regardless whether this Court defines the bar for prejudice as "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *Strickland*, 466 US at 694, or holds that "[t]he likelihood of a different result must be substantial, not just conceivable," *Harrington*, 562 US at ___; 131 S Ct at 792, it is clear that the standard is meant to be the same. In other words, the trial court in the present case could only grant a new trial on the basis of ineffective assistance of counsel if defendant could prove prejudice affecting the outcome of the proceedings.

We conclude that the trial court abused its discretion by granting defendant's motion for new trial because defendant did not show adequate prejudice arising from trial counsel's errors. The parties appear to agree that defense counsel's decision not to admit defendant's employee records, showing that defendant clocked into work on June 25, 2012, at 9:13 a.m., constituted performance falling below an objective standard of reasonableness. Therefore, the only remaining issue is whether trial counsel's deficient performance prejudiced defendant.

In *People v Armstrong*, 490 Mich 281, 283; 806 NW2d 676 (2011), the defendant was a 25-year-old man who was charged with engaging in sexual acts with the complainant, a 15-year-old girl. The complainant claimed that on two separate occasions the defendant forced himself upon her, tried to kiss her, and when she was resistant to his advances, slapped and choked her until she was forced to engage in vaginal and oral sex. *Id*. at 284-285. At trial, the complainant claimed that after the second sexual assault, she never communicated with the defendant again. *Id*. at 286. However, when confronted with cell phone records on cross-examination, the complainant admitted that she had called the defendant "once or twice" after the second assault. *Id*. Defense counsel then confronted the complainant with even more cell phone records, revealing "hundreds of incoming calls" from the complainant following the second assault. But the complainant unequivocally denied contacting the defendant again. *Id*. at 286-287. Defense counsel attempted to introduce the cell phone records into evidence, but the prosecution objected for lack of foundation, which the trial court sustained. *Id*. at 287. Defense counsel made no further effort to have the records admitted. *Id*.

Our Supreme Court held that defense counsel's performance fell below an objective standard of reasonableness and that the defendant thereby suffered prejudice. *Id*. at 290-291. The *Armstrong* Court held that because the defendant's whole theory of the case was that the complainant was falsely accusing him of rape, the cell phone records were necessary because they would have strongly tended to show that the complainant had lied to the jury about her relationship with the defendant. *Id*. at 291. The Court further held that defense counsel's attacks

on the complainant's credibility at trial were at best inconclusive, and the actual cell phone records would have provided much stronger impeachment evidence than any verbal questioning on cross-examination. *Id.* The Court noted that "[t]he cell phone records revealing frequent communication with defendant following the alleged rapes would have cast serious doubt on the substance of [the complainant's] accusations." *Id.* at 291-292.

*Armstrong* is distinguishable from the instant case. In *Armstrong*, the documentary evidence at issue, i.e., the cell phone records, directly refuted an unequivocal statement of alleged fact by the complainant. *Id.* at 286-287, 291. In the instant case, defendant's employee records would have provided no such direct refutation of the victim's testimony. At trial, the victim testified that shortly after engaging in sexual acts with defendant, both defendant and the victim heard Amanda return home from her early morning exercise class. The victim further testified that defendant "got dressed and ran around saying that he slept in [and was] late for work." Further, when asked to give a particular time when these events occurred, the victim stated that the entire encounter occurred "[i]n between like seven and ten" in the morning. It is important to note that the victim did not testify that defendant was *actually* late for work. She merely testified that defendant's reaction to his wife's return was to run around claiming that he was late for work. Unlike in *Armstrong*, the documentary evidence in question would not have directly contradicted the victim's testimony concerning the events that occurred on the morning of June 25, 2012.

Defendant also cites our Supreme Court's order in *People v Brown*, 491 Mich 914 (2012), in support of his contention that the trial court correctly found that defense counsel was ineffective for failing to admit his employee records. But it is unclear how our Supreme Court's order in *Brown* would assist defendant in this case. The order does not provide a sufficient explanation of the Supreme Court's reasoning and cannot be understood as establishing binding precedent. See *People v Giovannini*, 271 Mich App 409, 414; 722 NW2d 237 (2006).

Defendant has failed to establish that, but for trial counsel's failure to admit his employee records into evidence at trial, there is a reasonable probability that the result of the proceedings would have been different. Because defendant has not established the necessary prejudice arising from trial counsel's performance, we conclude that the trial court erred by granting defendant's motion for new trial. We accordingly reverse the trial court's order granting defendant's motion for a new trial and reinstate defendant's convictions and sentences.

Affirmed in Docket No. 317879; reversed in Docket No. 322028.


/s/ Kathleen Jansen
/s/ Michael J. Talbot
/s/ Deborah A. Servitto

-10-